In the Matter of LEO A. SPARER (Admitted as AARON LEO SPARER), an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, June 15, 1967.

*Angelo T. Cometa* (*Edward C. Walsh* with him on the brief), for petitioner.

*Henry G. McDonough* for respondent.

*Per Curiam.* The respondent, admitted to practice on April 27, 1938, by the Appellate Division of the Supreme Court, Second Judicial Department, was charged in seven specifications with unethical practices and professional misconduct. Following hearings held by a Referee appointed by this court, he reports that the following charges were sustained by the proofs, to wit: Charge No. 1, that the respondent failed for the period beginning on or about July 1, 1960 and ending on or about June 1, 1965, to file statements of retainer in 548 instances in which he represented personal injury and property damage claimants upon a contingent retainer basis (see Special Rules of the Appellate Division, First Department, regulating conduct of attorneys, rule IV, subd. [1], par. [a]); Charge No. 2, that, during the period of July 1, 1960 to June 1, 1965, the respondent failed to file closing statements in 341 personal injury and property damage cases disposed of and closed by him (see Special Rules aforesaid rule IV, subd. [2], par. [a]; Charge No. 3, that respondent improperly solicited, on the basis of a recommendation by a tow truck operator, retainers of three personal injury claimants allegedly injured in a single accident (see Special Rules aforesaid, rule VIII; Canons of Professional Ethics, canon 28); Charge No. 6, that the respondent neglected the personal injury action of a client with the result that the action was dismissed on trial calendar call; and Charge No. 7, that the respondent for a period of 15 years failed to maintain a separate special account for deposit of proceeds from disposition of personal injury claims, and that, in a bank account maintained by him, he commingled his personal funds with settlement and recovery funds (see Special Rules aforesaid, rule IV, subd [4], par. [a]). These charges were in substance admitted by the respondent and all of them were duly established. The Referee's report sustaining the same is in all respects confirmed.

The Referee's report refusing to sustain charge 5 is likewise confirmed.

Charge No. 4 alleged that the respondent had improperly represented conflicting interests in connection with actions arising out of a two-car automobile accident in his representation of the driver (Tancredi, Sr.) of one of the cars as well as his two passengers (Tancredi, Jr. and Catherine Martinello) who had possible claims against the said driver. On the record, we find and conclude that the charge was sustained and the Referee's report to the contrary is disaffirmed. We find that the respondent solicited retainers from the three individuals; that thereafter, in May, 1958, he instituted an action in their behalf against Shirley Deitchman, the owner of the second car, on the theory that she was solely responsible for the accident. He continued thereafter to represent Tancredi, Sr., his son, Tancredi, Jr., and Catherine Martinello and her husband for nearly a year. In April, 1959, while the said action was still pending, he consulted with counsel retained by him to handle the litigation, as the result of which a second action was instituted in respondent's name as attorney in behalf of Catherine Martinello and her husband against Tancredi, Sr. and Deitchman as codefendants, it being now alleged that they were jointly negligent. The first action, in which the respondent was attorney of record for Tancredi, Sr. as a plaintiff, was then still pending. Shortly thereafter, the first action was discontinued as to Catherine Martinello and her husband and other counsel was substituted therein for Tancredi, Sr. and Tancredi, Jr. The counsel consulted by respondent took over and continued in charge of the Martinello case without further direct participation therein by the respondent, but he shared with such counsel the resulting fee on the settlement of the case by the latter.

By virtue of the original retainer of respondent to represent Tancredi, Sr. in the accident case, the respondent had access to confidential information possessed by Tancredi, Sr. After representing him for nearly a year, it was improper for the respondent to institute the action against this client involving the same accident. It is no answer for respondent to say that the action was handled by co-counsel or trial counsel retained by respondent. The respondent's files were turned over to the counsel and it is to be assumed that such information as respondent had gained from his representation of Tancredi, Sr. was available to such counsel. Under the circumstances, the conduct of respondent constitutes a violation of professional ethics (see Canons of Professional Ethics, canon 6; Opinions of the

Committee on Professional Ethics of the Association of the Bar of the City of New York, Nos. 109 and 632).

The charges sustained as against the respondent, considered in the aggregate, constitute serious professional misconduct. The gross failure on the part of respondent to file statements of retainer and closing statements and his failure to maintain a special bank account for deposit of accident case funds as required by the rules of this court, demonstrate an utter lack of respect for this court and its mandates (see *Matter of Gelman,* 23 A D 2d 328). Furthermore, the other instances of misconduct represented by the established charges, considered in the aggregate, are such as to warrant severe disciplinary action (see *Matter of Sgarlato,* 27 A D 2d 738; *Matter of Egan,* 23 A D 2d 109; *Matter of Fata,* 22 A D 2d 116, mot. for lv. to app. den. 15 N Y 2d 487, cert. den. 382 U. S. 917; *Matter of Kiley,* 22 A D 2d 527; *Matter of Breiterman,* 22 A D 2d 553; *Matter of Lemkin,* 17 A D 2d 550, mot. for lv. to app. den. 13 N Y 2d 724, cert. den. 375 U. S. 892; *Matter of Feldman,* 17 A D 2d 553; *Matter of Satz,* 16 A D 2d 275).

In mitigation, the respondent points out that he was subject to a severe illness for a portion of the period during which he failed to file statements of retainers and closing statements; that no client suffered any loss because of his misconduct; that he settled with the client whose action he neglected; that he co-operated fully with the Co-ordinating Committee on Discipline and the Referee; and that he had been a member of the Bar with a good reputation for 29 years. A number of reputable persons, called as witnesses in respondent's behalf, have testified to his good standing and character and the Referee has reported that he ''was well impressed with [respondent's] appearance and demeanor throughout the hearings.''

Except for the mitigating circumstances aforesaid, we would disbar the respondent. Under these circumstances, however, he should be suspended from practice for a period of two years and until further order of this court.

STEVENS, P. J., EAGER, TILZER, RABIN and McGIVERN, JJ., concur.

Respondent suspended for a period of two years effective July 14, 1967.