■ ANTHONY COSTELLO, an Infant, by His Father and Natural Guardian, JAMES COSTELLO, et al., Appellants, v ST. LUKE'S HOSPITAL CENTER et al., Respondents. — Order, Supreme Court, New York County (Shainswit, J.), entered December 16, 1980, which denied appellant's motion to renew and reargue, reversed, on the law, the motion and cross motions by the defendants for summay judgment denied, without prejudice to an application for, or *sua sponte* determination by Special Term as to, appointment of guardian ad litem, without costs. Appeal from order, Supreme Court, New York County (Shainswit, J.), entered July 17, 1980, which dismissed the individual claims of plaintiff-appellant James Costello and stayed the action by the infant plaintiff Anthony Costello until a proper representative was substituted as guardian ad litem, dismissed as academic, without costs. While the court has considerable discretion under CPLR article 12 concerning the representation of an infant, nevertheless, it should not have granted summary judgment here as to the natural father's status as guardian ad litem, or as to his derivative action, where the record reveals conflicting factual allegations concerning the issues of legal custody, abandonment, fitness of the natural father and possible conflict of interest. Concur — Sandler, Sullivan, Carro and Fein, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: While I concur with respect to the court's indication that an application or *sua sponte*

determination at Special Term for the appointment of a guardian would be in order, I cannot agree that based on the record before us, including the additional affidavit by the father, which was not before the court at Special Term on the initial determination, that this father could possibily be a proper guardian ad litem. The court at Special Term was eminently correct in determining that the natural father, who for five years after the birth of the child neither visited, supported nor saw his son, allegedly brain damaged at birth, and gave temporary custody of the son to the Public Welfare Department in Massachusetts, the son having been placed in foster care, should not be permitted to pursue this malpractice litigation and to have custody of the funds, if any, which may result therefrom. There have been instances in the past where natural parents have squandered their child's birthright. If the father's interest, so lately arisen, seems only for the purpose of bringing a lawsuit, it cannot be said that the child will necessarily be well represented. Further, the individual claim of the father was properly dismissed.