OPINION OF THE COURT
Memorandum.
Judgment affirmed.
In this case, a car driven by Patricia Fugnitto, in which her infant son Marc was a passenger, was struck at an *667 intersection by a car driven by defendant Hirchberg. Occupants of both cars were injured in the collision but the most serious injuries were sustained by the infant Marc Fugnitto. An action was commenced by Mrs. Fugnitto individually and on behalf of her son Marc against Hirchberg and a counterclaim was interposed by Hirchberg against Mrs. Fugnitto. An action was also commenced by a passenger in Hirchberg’s vehicle against Hirchberg and Fugnitto. In the latter action, Hirchberg cross-claimed against Mrs. Fugnitto. No action was originally commenced on behalf of the infant against his mother. The actions that were commenced were consolidated for trial.
Upon the trial of the liability issue, a single attorney represented both Mrs. Fugnitto and her infant son as plaintiffs. A second attorney, retained by Mrs. Fugnitto’s insurance company, represented Mrs. Fugnitto as defendant on the counterclaim and cross claims.
The attorney representing Mrs. Fugnitto as defendant participated actively in the trial, calling witnesses of his own, cross-examining those called by the other attorneys, and making timely motions and objections. He argued in summation that the evidence showed that Mrs. Fugnitto was not even partially at fault. Hirchberg’s attorney argued that Mrs. Fugnitto was partially liable. Finally, the attorney representing the Fugnittos as plaintiffs argued that Mrs. Fugnitto was in no way negligent but claimed that if she were negligent she was only minimally so. In this context, he stated, inter alia: “I submit she is one percent negligent * * * or five percent. You equate it any way you see it. I submit it is minimal. That is exactly what your verdict should indicate. Thank you.”
The jury returned a verdict finding Hirchberg 85% liable and Mrs. Fugnitto 15% liable. Thereafter, over the vigorous objection of the other counsel, the attorney for the Fugnittos as plaintiffs was allowed to substitute the infant’s father for his mother as guardian and was granted an adjournment of the damages trial so that he might commence an action on behalf of the infant against Mrs. Fugnitto.
Such an action was then commenced. Counsel retained by Mrs. Fugnitto’s insurance company defended her and *668 counsel that had represented both her and her infant as plaintiffs on the liability phase now continued to represent only the infant, by his father. Over defense counsel’s opposition, the infant’s counsel was allowed to consolidate the infant’s action against his mother with the earlier actions for trial of the damages issue. After trial, the jury determined that the infant had sustained damages of $25,000.
Since Hirchberg is apparently without assets and since his insurance coverage was limited to $10,000, Mrs. Fugnitto’s insurance company will, in the first instance, be called upon to pay the infant the remaining $15,000.
The primary contention on appeal is that the representation on the liability phase by a single attorney of the conflicting interests of Mrs. Fugnitto and her infant son and his subsequent representation of the infant against Mrs. Fugnitto, his former client, on the damages phase, so tainted the proceedings as to require reversal. In this connection, it is urged that the Fugnitto’s counsel in his summation virtually invited the jury to find Mrs. Fugnitto minimally negligent. Also mustered in support of reversal is the traditional concern of courts over the possibility of fraud and collusion in intrafamilial tort actions (see, e.g., Holodook v Spencer, 36 NY2d 35, 46).
In our view, reversal is not warranted.
A major factor in our determination is the failure by counsel representing Mrs. Fugnitto as defendant at the liability phase to timely object to the dual representation. This failure must be judged to have been a strategic decision made in the hope of avoiding the precipitation of a direct action by the infant against his mother. As such, the dual-representation claim cannot timely be raised now. As the Court of Appeals recently stated, “[a] party is not permitted to speculate upon a favorable verdict before asserting a claim that could properly be made during trial” (Virgo v Bonavilla, 49 NY2d 982, 984).
Our conclusion would not be different if the failure to object were inadvertent rather than tactical. Even when inadvertent, a defendant’s inordinate delay in seeking the disqualification of plaintiff’s attorney bars him from obtaining that relief (see Thomas Supply & Equip. Co. v White Fathers of Africa, 53 AD2d 607).
*669 We note, too, the active participation in the liability trial of counsel representing Mrs. Fugnitto as defendant. In view of this participation, the position that Mrs. Fugnitto was not even partially liable was substantially and fairly presented to the jury and was rejected by that body.
Finally, we note our view that appellant’s real cause for complaint was not the dual representation. Rather, appellant’s real grievance seems to be that the infant was allowed to wait until after the liability verdict was returned before commencing an action against his mother. But this was a permissible course of action. Under CPLR 3002 (subd [a]), the commencement or maintenance of an action, by one who possesses causes of action against several persons, against one of these persons does not bar an action against the others.
We emphatically disapprove the representation by counsel of both the driver and the passenger of a vehicle (see Matter of Sparer, 28 AD2d 1; see, also, Greene v Greene, 47 NY2d 447). Had a timely motion to disqualify been made, our conclusion in this case might well have been different (but cf. Magjuka v Greenberger, 46 AD2d 867). But under the circumstances disclosed herein, we believe reversal is unwarranted.
We have examined appellant’s other contentions and find them to be without merit.
Pino, P. J., Hirsch and Kunzeman, JJ., concur.