OPINION OF THE COURT
Philip C. Segal, J.
At issue in this child abuse proceeding is whether the court-assigned Law Guardian for the subject children may be permitted to withdraw from the continued representation of one child but not the other because of a conflict of interest between the two children. As follows, the court determines that the Law Guardian’s continued representation of either child presents an irreconcilable conflict of interest and creates an appearance of impropriety. Accordingly, the court directs that she and her law oflice have no further involvement with this matter.
L
The Commissioner of Social Services filed the present petition against respondent in November 1993, on behalf of respondent’s two minor children: Rhomonia, age 16; and Christopher, age 14. Specifically, respondent is charged with sexually abusing Rhomonia. Although no such abuse is alleged as to Christopher, a "derivative finding” is sought as to him (see, e.g., Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694 [2d Dept 1993]; Matter of Cruz, 121 AD2d 901 [1st Dept 1986]).
At the outset of the proceeding, the court appointed a Law Guardian to represent both children (Family Ct Act § 249 [a]). Shortly thereafter, she interviewed them both. According to the Law Guardian, each child is mature, intelligent, and articulate. In addition, they have divergent views as to the existence of the alleged sex abuse and the relief that ultimately should be granted by the court. In fact, the Law Guardian believes that Christopher may be called as a witness by respondent at the fact-finding hearing and that she may be required to cross-examine the child. Based on this assessment, the Law Guardian has concluded that there is a conflict of *300 interest which prevents her continued representation of both children. In an attempt to remedy this situation, she now moves to withdraw as to Christopher but seeks leave to continue as Law Guardian for Rhomonia. Respondent agrees that a conflict of interest exists, but takes the position that the Law Guardian should be disqualified entirely. For the following reasons, the court concludes that ethical and public policy considerations mandate that the present Law Guardian be relieved and that separate attorneys (without any prior connection with the parties or the Law Guardian and her office) be assigned to represent each of the children.
IL
The Code of Professional Responsibility and existing precedent, with rare exception, require that an attorney who undertakes the joint representation of two parties in a lawsuit not continue as counsel for either one after an actual conflict of interest has arisen. (Code of Professional Responsibility EC 5-15; DR 5-105 [22 NYCRR 1200.24]; People v Shinkle, 51 NY2d 417 [1980]; Greene v Greene, 47 NY2d 447 [1979]; Cardinale v Golinello, 43 NY2d 288 [1977].) This is mandated because continued representation for either or both parties would necessarily result in a violation of one of the following ethical rules: the requirement to preserve client confidences (Code of Professional Responsibility EC 4-1; DR 4-101 [22 NYCRR 1200.19]); or the obligation to represent a client zealously (Code of Professional Responsibility EC 7-1; DR 7-101 [22 NYCRR 1200.32]).
The Court of Appeals repeatedly has stressed that the duty to maintain client confidences is fundamental and basic to a proper attorney-client relationship; this undertaking exists by virtue of the attorney’s fiduciary relationship with his or her client and as a matter of public policy. (Greene v Greene, supra, at 451; Cardinale v Golinello, supra, at 295.) In fact, this duty continues even after the attorney’s employment is terminated. (People v Shinkle, supra; Matter of Hof, 102 AD2d 591 [2d Dept 1984].) Of equal importance is the attorney’s duty to pursue vigorously his or her client’s interests. (Greene v Greene, supra, at 451.) To fulfill this obligation, an attorney surely is expected to use all available information to advance those interests.
Here, there is a “reasonable probability” that Christo *301 pher revealed confidences to the Law Guardian relevant to the subject matter of this litigation (Greene v Greene, supra, at 453). The ethical dilemma therefore created for the Law Guardian is whether she would use those confidences to Rhomonia’s advantage or decline to do so to her disadvantage. By making either choice, the Law Guardian would have to violate one of the above-described ethical precepts. The disqualification of the Law Guardian in these circumstances is therefore required, even in the absence of evidence that Christopher and Rhomonia’s interests actually will be prejudiced. "[Reasonable probability” of prejudice is a sufficient basis for the disqualification. (Supra.) Moreover, any doubt about the existence of a conflict should be resolved in favor of disqualification. (Matter of Hof, supra, at 597.)
Public policy considerations also dictate the disqualification of an attorney where her continued representation would create an "appearance of impropriety * * * however slight.” (People v Shinkle, supra, at 421; see, Code of Professional Responsibility EC 9-6.) As explained by the Court of Appeals, except for "rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship.” (Matter of Kelly, 23 NY2d 368, 376 [1968].) In the present circumstances, the appearance of impropriety would exist and have a potentially negative impact on Christopher. At the least, he "is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced” by the Law Guardian’s continued representation of Rhomonia. (Cardinale v Golinello, supra, at 296.)
Finally, the court notes that in some circumstances, an adult may be permitted to waive a conflict of interest. (People v Gomberg, 38 NY2d 307 [1975]; Matter of Kelly, supra.) As a matter of law, however, a minor must be presumed to lack the ability to knowingly make such a waiver. In any event, no claim is made here that Christopher has done so.
In view of the foregoing, both the Law Guardian and her office shall be disqualified from further involvement in this case. (People v Shinkle, supra; Cardinale v Golinello, supra, at 296; Matter of Brooke D., 193 AD2d 1100 [4th Dept 1993].) New assignments for the representation of each child will be made immediately pursuant to County Law article 18-B.