■ PATRICIA PESSONI et al., Plaintiffs, v GENE RABKIN et al., Defendants. DAVID B. JACOBS, Nonparty Appellant; GREEN & HALPERN et al., Nonparty Respondents. [633 NYS2d 338] —In an action to recover damages for personal injuries, etc., David B. Jacobs, the plaintiffs' former attorney, appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 24, 1994, which denied his motion for a hearing to determine his quantum-meruit share of the attorneys' fees generated by settlement of the action and, in effect, denied him a share of the fees.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly denied the appellant a share of the legal fees earned by settlement of the claims of Pamela Pessoni and her two children. It is well settled that " '[a]n attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for any services rendered' " *(Matter of Winston,* 214 AD2d 677; *Shelton v Shelton,* 151 AD2d 659; *Brill v Friends World Coll.,* 133 AD2d 729).

The record reveals that the appellant violated DR 5-105 (A) of the Code of Professional Responsibility (22 NYCRR 1200.24 [a]) by representing Alfred Pessoni, the driver of an automobile involved in a collision, and his wife, Pamela Pessoni, and their children, who were passengers in the automobile at the time of the accident. Since the appellant's multiple representation created a conflict of interest, the appellant, who clearly anticipated that a cross claim would be interposed against Alfred Pessoni by the owner and operator of the vehicle that struck his automobile, should have declined to represent Alfred Pessoni and his wife and children *(see,* NY State Bar Assn Ethics Report 74-349, 69-112). "Insofar as conduct which violates the Disciplinary Rules constitutes misconduct" *(Brill v Friends World Coll., supra,* at 730), the Supreme Court correctly concluded that the appellant is not entitled to a legal fee for the services that he rendered to the Pessonis.

We have examined the appellant's remaining contentions

and find that they are without merit. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.