OPINION OF THE COURT
Daniel Palmieri, J.
*53 This is a motion by defendants seeking to disqualify plaintiffs’ counsel, Steven Cohn, P. C., from representing the plaintiffs Taaha Shaikh, an infant, by his mother and guardian Rizwana Shaikh, Rizwana Shaikh, individually, and Shoukat Shaikh.
This action seeking damages for personal injuries arises from an automobile collision. The occupant of one of the vehicles was the infant plaintiff, Taaha Shaikh, who was a passenger in an automobile driven by his mother who is also his guardian and a plaintiff individually. The same law firm represents the infant plaintiff, his mother and his father, also a plaintiff. The sole defendants are those associated with the other vehicle in the accident. The court previously stayed all proceedings in this action pending further order of this court.
Plaintiffs filed and served a summons and complaint to which defendant answered and interposed a counterclaim against plaintiff, Rizwana Shaikh. On the counterclaim, Rizwana is represented by separate counsel, who have not submitted any papers in regards to this motion. In response to the motion, plaintiffs attempt to justify the representation of multiple plaintiffs by arguing that since the infant plaintiff alleges no negligence against his mother, that with his clients’ consent it is proper to represent coplaintiffs.
Attorney conduct in New York State is governed by a version of the Model Code of Professional Responsibility, which has been adopted by the Appellate Divisions of the Supreme Court as 22 NYCRR part 1200. Code of Professional Responsibility DR 5-105 (a) (22 NYCRR 1200.24 [a]) is the main provision governing issues of conflict between multiple clients. Under this section, “[a] lawyer shall decline proffered employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests.” (Code of Professional Responsibility DR 5-105 [a] [22 NYCRR 1200.24 (a)].)
In addition, the Ethical Considerations (EC), while not mandatory, express the New York State Bar Association’s additions to the rules governing the conduct of lawyers. Code of Professional Responsibility EC 5-17 addresses the issue of representation of multiple coplaintiffs in a simultaneous action. This consideration states that, “[t]ypically recurring situations involving potentially differing interests are those in which a lawyer is asked to represent * * * co-plaintiffs or co-defendants in a personal injury case.” (Code of Professional Responsibility EC 5-17.)
*54 Merely because the infant plaintiff fails to assert a counterclaim against his mother, does not resolve the issue of her negligence, so to eliminate the potentially “differing interests” of coplaintiffs. Commentators have stated that, “a passenger will almost always be advised to assert claims against all other drivers, including the passenger’s driver. The same lawyer’s representing both passenger and driver incurs a substantial risk of a disqualifying conflict.” (Wolfram, Modern Legal Ethics § 7.3.3, at 353 [West Publ. Co. 1986].) The infant plaintiff Taaha should be advised to assert a claim against the driver of the automobile of which he was a passenger, his coplaintiff Rizwana. Consequently, the same attorney cannot properly represent the potentially “differing interests” of mother driver and infant passenger.
Although the meaning of “differing interests” is not immediately apparent, certain general principles may be derived from other cases. The foremost of these principles is that an attorney who represents both plaintiff driver and plaintiff passenger has created a conflict of interest and has violated DR 5-105 (a). (Pessoni v Rabkin, 220 AD2d 732 [2d Dept 1995].) In Pessoni, an attorney who formerly represented the driver of an automobile involved in a collision also represented the driver’s wife and children, who had been passengers. The court denied a motion for a hearing to determine the attorney’s quantum meruit share of attorney fees generated by settlement of claims asserted by wife and children holding that the attorney should have declined to represent the driver, wife and children in the first instance.
While the Pessoni case (supra) addresses issues of withholding attorney’s fees, rather than attorney disqualification, it nonetheless holds that multiple representation of plaintiff driver and plaintiff passenger amounts to a violation of Code of Professional Responsibility DR 5-105 (a) (22 NYCRR 1200.24 [a]).
Despite differing interpretations of Code of Professional Responsibility DR 5-105 (a) (22 NYCRR 1200.24 [a]), courts generally are reluctant to accept an attorney’s joint representation of both driver and passenger. In Sidor v Zuhoski (261 AD2d 529 [2d Dept 1999]), an attorney attempted to represent both the estate of a mother driver and an infant passenger as simultaneous plaintiffs. The Court affirmed the removal of counsel from continuing to represent both plaintiffs: “[u]nder New York law, because a child may properly bring an action against his or her parents, it is improper for an attorney to *55 represent both the parents and the child in an automobile accident action brought against the owner and driver of the other vehicle.” (Supra, at 530.)
In addition, the court finds the wisdom of Fugnitto v Fugnitto (113 Misc 2d 666 [App Term, 2d Dept 1982]) especially persuasive. In Fugnitto, a car driven by Patricia Fugnitto, in which her infant son was a passenger, was involved in an intersection collision with another automobile. Mrs. Fugnitto commenced an action individually and on behalf of her infant son. Upon trial of the liability issue, a single attorney represented both Mrs. Fugnitto and her infant son as plaintiffs. The court held that an objection to the dual representation in this case could not be considered timely, as it was not raised before appeal. Nevertheless, the court stated that, “[w]e emphatically disapprove the representation by counsel of both the driver and the passenger of a vehicle * * * [h]ad a timely motion to disqualify been made, our conclusion in this case might well have been different.” (Supra, at 669.)
Factually and legally the Fugnitto and the Sidor cases (supra) nearly duplicate the matter before this court. While Fugnitto examined the issue of disqualification of an attorney on appeal, the underlying concern for a potential conflict of interest applies equally here. Thus this court adopts the holding in Fugnitto in emphatically disapproving of the joint representation by counsel of both the driver and the infant passenger of a vehicle.
A conclusion that a Disciplinary Rule violation has occurred under our present set of facts does not, however, end the inquiry. Despite a clear conflict of interest, an attorney would withstand disqualification from a dual representation where all concerned have consented to the compromised representation. Code of Professional Responsibility DR 5-105 (c) (22 NYCRR 1200.24 [c]) states that “a lawyer may represent multiple clients if a disinterested lawyer would believe that the lawyer can competently represent the interest of each and if each consents to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved.”
With respect to consent, Code of Professional Responsibility DR 5-105 (c) (22 NYCRR 1200.24 [c]) was amended effective June 30, 1999, to change the standard for obtaining client consent. (Simon’s New York Code of Professional Responsibility Annotated, at 320 [West Group 2000 ed]). To satisfy the consent requirement of Code of Professional Responsibility *56 DR 5-105 (22 NYCRR 1200.24) not only must there be client consent but an objective test also exists. The objective test prong of the consent requirement is that of what a disinterested lawyer would believe. The phrase has been interpreted to mean that a lawyer is not permitted to seek client consent to a conflict if a disinterested lawyer would advise the client to refuse consent and that a client consent that is given is not valid if the objective test of a disinterested lawyer is not met. (Simon’s, op. cit., at 335; Code of Professional Responsibility EC 5-16.)
Here, neither party has addressed the issue of what a disinterested attorney would believe and while affidavits of consent have been submitted by both parent plaintiffs, they are lacking in specificity as to the nature of the advice that formed the basis of their consent to the joint representation or to the factors which they considered in deciding to consent. Moreover, it is plain to this court that a disinterested lawyer would not believe that there can be competent representation in this type of case where by not joining the driver parent as a defendant, there is a risk of nonrecovery in the event that the named defendant is exculpated from fault. In this regard there is a brief description of the accident but the papers submitted in opposition to this motion are notably lacking in any analysis of the merits of the case.
Although plaintiffs’ attorney asserts that the consent of his adult clients cures the conflict because Taaha is an infant, as a matter of law, he is “presumed to lack the ability to knowingly [consent]” (Matter of H. Children, 160 Misc 2d 298, 301 [Fam Ct, Kings County 1994]; Domestic Relations Law § 2; CPLR 105 [j]). Consent to compromised representation by a minor is invalid, and the representation of multiple plaintiffs in such a situation is thus improper. (See, Wolfram, op. cit., § 7.2.4, at 347.)
After an actual conflict of interest has arisen, an attorney will often seek to end his or her representation of one client to avoid violating Code of Professional Responsibility DR 5-105 (a) (22 NYCRR 1200.24 [a]). However “an attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen” (Matter of H. Children, 160 Misc 2d 298, 300, supra) since continued represention of either plaintiff would necessarily result in a violation of an attorney’s fiduciary obligations of preserving his or her client’s confidentiality, as well as the duty to pursue a client’s interest vigor *57 ously. (Cardinale v Golinello, 43 NY2d 288 [1977]; Greene v Greene, 47 NY2d 447.) Consequently, not only must plaintiffs’ counsel be disqualified from simultaneously representing both infant and mother, he must also be prohibited from continuing his representation of either client in relation to this matter.
Any qualified adult may be appointed as guardian ad litem of an infant. However, the guardian ad litem must have no interest adverse to that of the child. (Siegel, NY Prac § 198, at 313 [3d ed].) Rizwana Shaikh’s interest has been established as adverse to that of her child, Taaha. Accordingly, Rizwana Shaikh must be discharged as Taaha Shaikh’s guardian and a proper guardian must be appointed on his behalf.
The defendants’ motion to disqualify plaintiffs’ counsel is granted in its entirety and the firm’s representation of all plaintiffs is terminated. Further, Rizwana Shaikh shall no longer be permitted to act as guardian for the infant plaintiff in this action. All proceedings are stayed for a period of 60 days to afford plaintiffs the opportunity to obtain new representation and to apply to this court for the appointment of a proper guardian for infant Taaha. (CPLR art 12.)
A conference shall be held before the undersigned at the County Courthouse, 262 Old Country Road, 3rd Floor, Mineóla, New York, on September 27, 2000 at 9:30 a.m. No adjournments of this conference will be permitted absent the permission of or order of this court. All parties are forewarned that failure to attend the conference may result in the dismissal of pleadings {see, 22 NYCRR 202.27) or monetary sanctions (22 NYCRR 130-2.1 et seq.).