OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that (1) appellant’s motion to serve an amended answer so as to allege the incapacity of the infant plaintiff, Eldar Ganiev, to commence the action and, upon said amendment, dismissing Eldar Ganiev’s action is denied on condition that plaintiffs, within 90 days of the date of the order hereon, obtain new representation and apply to the trial court for the appointment of a guardian in accordance with article 12 of the CPLR, otherwise, motion granted, defendant’s answer deemed amended, and action by Eldar Ganiev dismissed; (2) appellant’s motion to disqualify plaintiffs’ counsel is granted; and (3) plaintiffs’ cross motion to amend the summons and complaint so as to provide that Marat Ganiev is bringing the action on behalf of his son Eldar Ganiev is denied; as so modified, order affirmed without costs.
This action for personal injuries arose out of an automobile collision involving two vehicles. Plaintiff Marat Ganiev was the owner and operator of one of the vehicles. Eldar Ganiev, Marat Ganiev’s son, was a passenger in said vehicle. The plaintiffs are represented by the same law firm. Prior to trial, defendants moved to amend their answer so as to include an allegation that plaintiff Eldar Ganiev, by reason of his status as a minor, lacked the capacity to maintain the action and, upon the granting of said relief, to dismiss the action brought by him. Defendants also moved to disqualify plaintiffs’ law firm due to an apparent conflict of interest. Plaintiffs cross-moved to amend the summons and complaint to provide that Eldar Ganiev’s action is brought by Marat Ganiev in his representative capacity on behalf of his son.
 Under the circumstances herein presented, it was improper, pursuant to DR 5-105 of the Code of Professional Responsibility (22 NYCRR 1200.24), for plaintiffs’ law firm to represent both the father and the minor son (see, Pessoni v Rabkin, 220 AD2d 732; see also, Sidor v Zuhoski, 261 AD2d 529; Shaikh v Waiters, 185 Misc 2d 52). Although plaintiffs’ law firm submitted a copy of a consent to joint representation *85 and waiver of any and all conflict to the court below, said waiver and consent fails to satisfy the criteria set forth in DR 5-105 (c) (22 NYCRR 1200.24 [c]; see also, Shaikh v Waiters, supra; Matter of H. Children, 160 Misc 2d 298). In light of said conflict of interest, plaintiffs’ counsel is disqualified from representing either party (see, Matter of H. Children, supra, at 300; see also, Cardinale v Golinello, 43 NY2d 288; Sidor v Zuhoski, supra; Shaikh v Waiters, supra). Moreover, the plaintiff father, by virtue of his conflict of interest, is precluded from acting as guardian of his son in the instant matter (see, Shaikh v Waiters, supra; Matter of H. Children, supra).
Aronin, J. P., Golia and Rios, JJ., concur.