■ WAYNE E. BOYD et al., Plaintiffs, v HERBERT TRENT et al., Defendants. (Action No. 1.) HERBERT TRENT, Appellant, et al., Plaintiffs, v TOWN OF RIVERHEAD, Respondent, et al., Defendant. LAW FIRM OF AARON J. BRODER & JONATHAN C. REITER et al., Nonparty Appellants. (Action No. 2.) [731 NYS2d 209] —In related actions, *inter alia,* to recover damages for personal injuries, the plaintiff in Action No. 2, Herbert Trent, appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 24, 2001, which granted the motion of the defendant Town of Riverhead to disqualify and remove him as guardian of the infant plaintiffs, and to disqualify counsel for the plaintiffs, and Philip F. Alba and the Law Firm of Aaron J. Broder & Jonathan C. Reiter appeal from so much of the same order as granted that branch of the motion which was to disqualify them as counsel for the plaintiffs.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was to disqualify counsel for Herbert Trent, in his individual capacity, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the appointment of a guardian ad litem for the infant plaintiffs and for the selection of a new attorney to represent them.

The infant plaintiffs were seriously injured in a motor vehicle accident in October 1989, when they were passengers in a vehicle owned by their father, the plaintiff Herbert Trent, and driven by their mother, the defendant Paulette Trent. Herbert Trent commenced Action No. 2 to recover damages for personal injuries. He asserted causes of action in his individual capacity and as guardian of the infant plaintiffs. Philip F. Alba and the Law Firm of Aaron J. Broder & Jonathan C. Reiter were ultimately retained to represent Herbert Trent and the infant plaintiffs.

Herbert Trent's pecuniary interests are adverse to those of the infant plaintiffs by reason of Vehicle and Traffic Law § 388, which renders the owner of the vehicle vicariously liable for injuries caused by the negligence of the driver (*see, Mowczan v Bacon,* 92 NY2d 281; *Stahl v Rhee,* 220 AD2d 39). Thus, the Supreme Court providently exercised its discretion in determining that he should be removed as guardian for the infant plaintiffs (*see, Stahl v Rhee, supra; Mullins v Saul,* 130 AD2d 634). However, the court should have appointed a guardian ad

litem for the infant plaintiffs so that a new attorney could be selected for them (see, Stahl v Rhee, supra; Mullins v Saul, supra).

Further, there is a clear conflict of interest in counsel representing both Herbert Trent in his individual capacity and in his capacity as natural guardian for the infants (see, Sidor v Zuhoski, 261 AD2d 529; Pessoni v Rabkin, 220 AD2d 732; Shaikh v Waiters, 185 Misc 2d 52). "The disqualification of an attorney is a matter which rests within the sound discretion of the court" (Mondello v Mondello, 118 AD2d 549, 550). The Supreme Court providently exercised its discretion in determining that the attorneys for the plaintiffs must be disqualified from representing both Herbert Trent and his children. It was not necessary, however, to disqualify the attorneys from representing Herbert Trent in his individual capacity. Continued representation of Herbert Trent in his individual capacity will not impair the attorneys' ethical obligation to preserve client confidentiality (cf., Shaikh v Waiters, supra; Matter of H. Children, 160 Misc 2d 298). The attorneys represented one individual, Herbert Trent, in two capacities, as opposed to two separate individuals or entities. Likewise, there is no reason for the ethical obligation to zealously represent Trent, as an individual, to be impaired.

The appellants' remaining contentions are without merit. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur. [As amended by unpublished order entered Mar. 1, 2002.]