OPINION OF THE COURT
William P. Warren, J.
By notice of motion dated December 6, 2002, and originally made returnable on January 2, 2003, respondent moves this court for an order disqualifying the law offices of Linda Christopher from continuing to represent the petitioner in the *259 visitation and custody matter before this court upon the ground that there exists a clear conflict of interest. Said application was filed with this court on December 11, 2002. Petitioner’s attorney filed an affirmation in opposition with this court on January 14, 2003. Respondent’s attorney filed a reply affirmation with this court on January 22, 2003.
Respondent alleges in his papers that a clear conflict of interest exists because the Legal Aid Society, a nonprofit organization of which petitioner’s attorney is the president, serves as the Law Guardian for the children in the custody proceeding. Respondent argues that pursuant to DR 5-101 (22 NYCRR 1200.20), petitioner’s attorney, Linda Christopher, should be disqualified from representing petitioner in this matter due to the fact that as the president and as a member of the board of directors of the Legal Aid Society she “wields power and influence over the Legal Aid attorney’s salary, tenure and working conditions” and her name appears on the top of the letterhead used by the Law Guardian in behalf of the Legal Aid Society. By virtue of these facts, respondent contends, her representation of the petitioner “impacts * * * on the law guardian’s ability to exercise professional judgment on behalf of the children who are her clients” due to her association with the Legal Aid Society.
DR 5-101 (22 NYCRR 1200.20) states:
“A lawyer shall not accept or continue employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer’s own financial, business, property, or personal interests, unless a disinterested lawyer would believe that the representation of the client will not be adversely affected thereby and the client consents to the representation after full disclosure of the implications of the lawyer’s interest.”
Petitioner’s attorney argues in opposition to the motion that neither she nor the Law Guardian has a conflict of interest in this matter based upon her position as president of the Legal Aid Society. Predicated upon New York State Bar Association Committee on Professional Ethics Opinion 643, petitioner argues, a lawyer in private practice who serves on the governing board of a nonprofit legal assistance organization, such as the Legal Aid Society of Rockland County, could represent a private client in an action where the organization represents a client whose interests differ from the client of the lawyer’s firm. Furthermore, she states that with the passage of DR *260 5-110, attorneys in similar situations such as hers, may represent a paying client whose interests may differ from the organization’s client. Petitioner’s attorney further argues that, as president of the Legal Aid Society, and pursuant to the bylaws of said Society, the board of directors’ power is limited to the power to hire and fire the executive director. The executive director is the person who hires and fires staff. While the board of directors, she argues, sets salary scales, the salaries are based on the years of service only. Finally, she contends that as president she does not involve herself in cases that are handled by the Legal Aid Society, nor does she have any direct dealings with any particular law guardian.
After reviewing the arguments of both the petitioner and respondent filed in support and in opposition to the motion, this court finds that the petitioner’s attorney does not have a conflict of interest by continuing to represent the petitioner. The exercise of petitioner’s attorney’s professional judgment on behalf of her client will not be reasonably affected by her own financial, business, property or personal interests so as to warrant her disqualification. The interests of counsel for the petitioner are not affected because she is president of the society which employs the Law Guardian for the children. The court cannot envision how her independent representation of her client might be affected because of her position on the board of directors.
Although the issue has not been directly raised in this motion, the court feels that it is important to note other apparent implications of the facts and circumstances surrounding this proceeding. It appears that it is the Law Guardian’s continued representation of the children in this matter which may reasonably affect the Law Guardian’s professional judgment. The Law Guardian is an employee of the Legal Aid Society and petitioner’s counsel is president of the Society. It is the court’s view that the Law Guardian’s professional judgment reasonably may be affected by her own financial, business or personal interests when she is an adversary of the president of the corporation of which she is an employee.
While there may be no direct interaction between the president of the board and a law guardian employed by the society, the potential for either direct or indirect influence remains. A few examples of the potential are set forth for illustrative purposes. The president of the board serves as an ex-officio member of all committees (see bylaws of Legal Aid Society of Rockland County art IV [4.5]). If a grievance were filed against *261 the Law Guardian, the president would be a part of the committee determining the grievance. If the Law Guardian has aspirations to assume the position of director, she would know that on a future date she might have to convince the president to hire her. A law guardian who needs to seek advice and/or assistance from her superior would need to consult with the director, a person whose salary is fixed by and who is hired and fired by the board.
If the Law Guardian were to conclude that her ability to exercise her professional judgment on behalf of the children may be reasonably influenced by her own financial, business, property or personal interests where opposing counsel is both president and a member of the board of directors for an organization by which she is employed, then the Law Guardian must not continue with representation of the children.
If the Law Guardian were to determine that she does not have a conflict by continuing to represent a child, despite the fact that the president of the board of directors of the society for whom she works represents a client with differing interests, nonetheless pursuant to DR 5-101 (22 NYCRR 1200.20), she must not continue representation without obtaining the consent of the client. This is because under these circumstances DR 5-101 requires the lawyer to obtain the consent of her client in order to continue to represent her after full disclosure of the implications of the lawyer’s interest. It is clear that the children who are the Law Guardian’s clients are unable to comprehend full disclosure and consent to the representation. (Shaikh v Waiters, 185 Misc 2d 52 [2000].) DR 5-101 (22 NYCRR 1200.20) would then require the Law Guardian to not continue with representation or be disqualified.
Respondent has not requested the disqualification of the Law Guardian from representing the child in this matter. It is noted that the Law Guardian has not participated in this application. Based upon the foregoing, this court finds that respondent has not demonstrated sufficient grounds to disqualify petitioner’s counsel. The respondent’s motion to disqualify Linda Christopher, Esq. from representing petitioner is, therefore, denied.