SECOND DEPARTMENT, MARCH, 2003

(March 3, 2003)

■ YAJAIRA ALCANTARA et al., Respondents, v RAMON G. MENDEZ, Appellant, et al., Defendant. [756 NYS2d 90] —In an action to recover damages for personal injuries, the defendant Ramon G. Mendez appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 24, 2002, as denied his motion to disqualify John P. Higham from representing the plaintiffs, to appoint a new guardian for the infant plaintiffs, Sheila Mendez and Ramon Mendez, and for the selection of new counsel by the plaintiffs. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, John P. Higham is disqualified from representing the plaintiffs, Belkys Ramirez is removed as guardian for the infant plaintiffs, Sheila Mendez and Ramon Mendez, in this action, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of appointing a guardian ad litem for Sheila Mendez and Ramon Mendez in this action, to enable the guardian to obtain new counsel on their behalf, and to enable Yajaira Alcantara to obtain new counsel; and it is further,

Ordered that all proceedings are stayed pending further order of the Supreme Court, Suffolk County.

Belkys Ramirez, while operating a vehicle owned by the defendant Ramon G. Mendez (hereinafter Mendez), was involved in a collision with a vehicle owned and operated by the defendant Carmen Carrasquillo. The plaintiff Yajaira Alcantara and the children of Ramirez and Mendez, Sheila Mendez and Ramon Mendez, were passengers in the vehicle operated by Ramirez. In the personal injury action at bar, John Higham acted as the attorney for both Alcantara and Ramirez, in her capacity as guardian of the children. The action was brought against Carrasquillo and Mendez, pursuant to Vehicle and Traffic Law § 388. Carrasquillo asserted a counterclaim against Ramirez in which she alleged that Ramirez was negligent.

Mendez moved to disqualify Higham from representing the plaintiffs on the ground that his continued representation of them violated Code of Professional Responsibility DR 5-105 (b) (*see* 22 NYCRR 1200.24). The Supreme Court, while noting that Ramirez was a potential tortfeasor, found no conflict in the multiple representation and denied the motion. We reverse.

The counterclaim asserted against Ramirez places her pecuniary interests in conflict with those of her children. Therefore, she should be removed as guardian of her children for purposes of this action (*see Boyd v Trent,* 287 AD2d 475 [2001]; *Ganiev v Nazi,* 189 Misc 2d 83 [2001]; *Shaikh v Waiters,* 185 Misc 2d 52, 57 [2000]). This result is required even though Ramirez has sued only in her representative capacity because, as in the cases disqualifying guardians who sue personally and as representatives of their wards (*see Boyd v Trent, supra*; *Ganiev v Nazi, supra*; *Shaikh v Waiters, supra*), Ramirez has a conflicting personal interest antagonistic to her passengers who could assert claims against her for negligence just as the other driver, Carrasquillo, has done in the counterclaim.

In view of the counterclaim asserted against Ramirez, Higham's continued representation of the plaintiffs violates Code of Professional Responsibility DR 5-105 (b) (*see* 22 NYCRR 1200.24), since the pecuniary interests of Ramirez conflict with those of Alcantara and the children of Ramirez. Furthermore, evidence of Ramirez's negligence presented by Higham on behalf of Alcantara and the children in order to establish Mendez's liability pursuant to Vehicle and Traffic Law § 388 would subject Ramirez to liability in her individual capacity on the counterclaim. Therefore, Higham's continued representation of the plaintiffs would result in a violation of either the ethical rule requiring an attorney to preserve a client's confidences, or the rule requiring an attorney to represent a client zealously (*see Sidor v Zuhoski,* 261 AD2d 529 [1999]; *Shaikh v Waiters, supra* at 56-57; *see also Pessoni v Rabkin,* 220 AD2d 732 [1995]). Therefore, Higham is disqualified from continuing to represent any plaintiffs in this action. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, to appoint a guardian ad litem for the children, who shall obtain new counsel for them, and for the selection of a new attorney by Alcantara. Prudenti, P.J., Florio, Adams and Crane, JJ., concur.