OPINION OF THE COURT
Francois A. Rivera, J.
Carole Dorsainvil, as defendant on a counterclaim, moves pursuant to CPLR 3212 and Insurance Law § 5102 (d) for an order granting summary judgment dismissing her daughter’s complaint on the grounds that she has not suffered a serious injury and is therefore not entitled to recovery for noneconomic losses. Defendants cross-move for the same relief. Plaintiffs oppose the motion.
This is an action brought by the plaintiffs for personal injuries arising from a motor vehicle accident that occurred on August 31, 2002 at approximately 2:30 p.m. on Francis Lewis Boulevard at or near its intersection with Linden Boulevard, in the county of Queens, State of New York. Plaintiffs Carole and Huston Dorsainvil are married and the parents of Beanka Dorsainvil. Beanka was born in 1994. At the time of the accident, Carole Dorsainvil was operating her husband’s car, with her husband and their daughter Beanka as passengers. Carole Dorsainvil claims that, while making a right-hand turn from Francis Lewis Boulevard to Linden Boulevard, defendant, Ralston Wallace, struck her vehicle on the right rear passenger side. Defendant Carmen Parker is the registered owner of the vehicle that Ralston Wallace was operating.
*399 On January 28, 2004, plaintiffs commenced the instant action by filing a summons and verified complaint with the Kings County Clerk’s office. On April 6, 2004, defendants Ralston Wallace and Carmen Parker filed a verified answer and counterclaim. Defendants brought a counterclaim against Carole Dorsainvil and alleged that any injuries that she, her husband and her daughter sustained were caused by her negligent operation of the vehicle. On August 1, 2005, Carole Dorsainvil served a reply to the counterclaim.
The court took notice that the three plaintiffs, Carole Dorsainvil, Huston Dorsainvil, and Beanka Dorsainvil, by her mother and natural guardian, are all represented by the same law firm, Harmon, Linder & Rugowsky, for the complaint against Carmen Parker and Ralston Wallace. However, a separate law firm, Hawkins, Feretic & Daly, LLC represents Carole Dorsainvil in her defense of the counterclaim.
Carole Dorsainvil, in defense of the counterclaim, moves to dismiss her daughter’s complaint claiming that Beanka did not suffer a serious injury pursuant to Insurance Law § 5201 (d). Carole Dorsainvil’s motion to dismiss her daughter’s complaint includes, as annexed exhibits, her own and her daughter’s deposition transcripts.
Beanka, by her mother and natural guardian, Carole Dorsainvil, opposes the motion claiming that she has suffered a serious injury. Thus, Carole Dorsainvil, in her capacity as guardian for her daughter, has commenced the instant action for her daughter’s personal injuries. She then, in her individual capacity, moves to dismiss her daughter’s case. She then, as guardian of her daughter, submitted opposition to the same motion that she has brought to dismiss her daughter’s case.
The undisputed facts derived by the pleadings and instant motions present a number of conflicts and ethical concerns which were not raised by counsel for any of the parties. On July 25, 2006, the court ordered counsel for all parties involved in the suit to return before the court for additional oral argument. During the hearing, the court advised all counsel of the conflicts and ethical concerns brought to light by the motion for summary judgment against Beanka Dorsainvil. The court asked plaintiffs’ counsel to submit a memorandum of law addressing the following questions: whether the court has authority to act on its own to address the potential conflict of interest between the parties and their counsel; whether the apparent conflict between the plaintiffs required the disqualification of the law firm *400 to represent some or all of the plaintiffs; whether Carole Dorsainvil may act as guardian for Beanka Dorsainvil; and, if not, how should that affect her instant motion for dismissal of her daughter’s complaint?
The court entered an interim order to have Harmon, Linder & Rugowsky submit a memorandum of law pertaining to potential conflicts of interest between the plaintiffs, and whether Harmon, Linder & Rugowsky must be disqualified from representation. Harmon, Linder & Rugowsky was ordered to submit the aforementioned memorandum on September 8, 2006 with a reply due by James E Nunemaker, Jr. & Associates, attorneys for the defendants, and Hawkins, Feretic & Daly, LLC, attorneys for Carole Dorsainvil, due on September 22, 2006.
Public policy dictates that the attorney-client relationship should never be weakened due to its reliance on a high level of trust (Booth v Continental Ins. Co., 167 Misc 2d 429, 435 [Sup Ct, Westchester County 1995], citing Loew v Gillespie, 90 Misc 616, 619 [1915]). “[T]he power to compel attorneys to adhere to their professional obligations is of a continuous nature which may be exercised at any time when the occasion arises.” (Booth v Continental Ins. Co., supra at 435, citing Leviten v Sandbank, 291 NY 352, 357 [1943] [internal quotation marks omitted].) The judiciary has the ability to question any “impropriety [which] appears on the record and the issue may be raised sua sponte.” (Booth v Continental Ins. Co., supra at 435, citing Porter v Huber, 68 F Supp 132 [WD Wash 1946]; see Erie County Water Auth. v Western N.Y. Water Co., 304 NY 342, 351, 353 [1952].) Justice Lazer outlined in Island Pa-Vin Corp. v Klinger (76 Misc 2d 180, 186 [Sup Ct, Suffolk County 1973]) when the court could raise a conflict of interest sua sponte, when he stated:
“Since what is involved is a matter of public interest relating to the integrity of the Bar, the courts, as well as the Bar, have a responsibility to maintain public confidence in the legal profession. The exercise of such responsibility cannot be deemed dependant upon the disposition of the parties or their attorneys to press an issue of impropriety by formal motion when the court itself has become aware of its existence. ’ ’ (Citations omitted.)
The court, pursuant to CFLR article 12, has discretion concerning the involvement and representation of an infant during legal proceedings (Costello v St. Luke’s Hosp. Ctr., 83 *401 AD2d 503 [1st Dept 1981]). An infant is defined in CPLR 105 (j) as a person who has not attained the age of 18 years. Therefore, notwithstanding the fact that neither the parties nor their counsel raised any ethical concerns or conflict issues, the court may and does address them in this decision and order.
Vehicle and Traffic Law § 388 (1) provides in pertinent part:
“Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24) provides in pertinent part:
“(a) A lawyer shall decline proffered employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests. . . .
“(b) A lawyer shall not continue multiple employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer’s representation of another client, or if it would be likely to involve the lawyer in representing differing interests. . . .
“(c) . . . [A] lawyer may represent multiple clients if a disinterested lawyer would believe that the lawyer can competently represent the interest of each and if each consents to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved” (see, Matter of T’Challa D., 196 Misc 2d 636, 642 [Fam Ct, Kings County 2003]).
Thus, counsel considering representation of multiple clients must first determine whether a disinterested lawyer could competently represent the respective interest of all potential clients. If the answer is yes, then after full disclosure of the implications of simultaneous representations, the parties may give consent to the joint representation and waive the potential conflict of interest. If the answer is no, then the conflict may not be waived and joint representation would be unethical.
Applying that analysis here, the court finds that the law firm of Harmon, Linder & Rugowsky agreed to represent all three *402 plaintiffs while knowing that Carole Dorsainvil could be potentially sued by her husband and daughter for causing their injuries. It was also aware that Huston could also be potentially liable for his daughter’s injuries pursuant to Vehicle and Traffic Law § 388. It was also aware that by representing Beanka it would have to decide whether to sue either or both of her parents on her behalf.
Assuming that Carole and Huston Dorsainvil were fully apprised of the potential conflict between them, and nevertheless consented to the joint representation, then they could potentially waive the conflict. Thus, the joint representation of Carole and Huston by Harmon, Linder & Rugowsky is not per se unethical. The counterclaim asserted against Carole Dorsainvil by the defendants claims she contributed to the accident by her negligent operation of her vehicle. The. assertion of the counterclaim necessarily placed her pecuniary interests in conflict with those of her passengers Huston and Beanka Dorsainvil (Alcantara v Mendez, 303 AD2d 337, 338 [2d Dept 2003]). The conflict is caused by her passengers’ ability to assert claims against her for her alleged negligent operation of the vehicle just as the defendants have done in the counterclaim (Alcantara v Mendez, supra, 303 AD2d at 338). Thus, what was at first an inchoate problem of conflict between the plaintiffs became a crystalized actual conflict with the defendants’ assertion of the counterclaim. The inherent ethical conflict of joint representation that exists between a driver and injured passenger has been discussed in numerous cases (see, Quinn v Walsh, 18 AD3d 638 [2d Dept 2005]; Pessoni v Rabkin, 220 AD2d 732 [2d Dept 1995]; Shaikh v Waiters, 185 Misc 2d 52 [Sup Ct, Nassau County 2000] ; Ganiev v Nazi, 189 Misc 2d 83 [App Term, 2d Dept 2001] ).
It is noted that Huston Dorsainvil’s pecuniary interest is also adverse to the claims of Beanka Dorsainvil by reason of Vehicle and Traffic Law § 388, which renders Huston personally liable for any injuries caused by the negligence of his wife by her use of the vehicle with his permission (Boyd v Trent, 287 AD2d 475 [2d Dept 2001]). The conflicts of interest between each parent, Carole and Huston Dorsainvil, with their infant daughter, Beanka Dorsainvil, are not waivable because Beanka as an infant does not have the capacity to consent to a waiver.
It is well within the discretionary opinion of the court to disqualify an attorney (Boyd v Trent, 287 AD2d 475, 476 [2d Dept 2001], citing Mondello v Mondello, 118 AD2d 549 [1986]). *403 “The purpose of the Code of Professional Responsibility in situations involving adverse interest representation is to protect clients, ignorant and sophisticated, maintain the integrity of the legal system and prevent even honest attorneys from serving mutually antagonistic interests” (Booth v Continental Ins. Co., supra at 435-436). It is undisputed that the law firm of Harmon, Linder & Rugowsky has heard confidences of all three plaintiffs. Even in instances where full disclosure and consent are given, the interests could be so adverse that dual representation is improper (Boyd v Trent, supra). Because there is a counterclaim asserted by the defendants against Carole Dorsainvil, and since the pecuniary interests of Carole and Huston Dorsainvil conflict with those of the infant plaintiff, Beanka Dorsainvil, Harmon, Linder & Rugowsky’s continued representation of the plaintiffs violates Code of Professional Responsibility DR 5-105 (b) (22 NYCRR 1200.24 [b]; Alcantara v Mendez, supra). Any evidence of Carole Dorsainvil being comparatively negligent would result in both Carole and Huston Dorsainvil being liable in their individual capacities on the counterclaim raised by the defendants (Alcantara v Mendez, supra). Therefore, Harmon, Linder & Rugowsky’s continued representation of the plaintiffs results in a “violation of either the ethical rule requiring an attorney to preserve a client’s confidences or the rule requiring an attorney to represent a client zealously” (Alcantara v Mendez, 303 AD2d, supra at 338). For the foregoing reasons, it is disqualified from continuing to represent any plaintiffs in this action.
The court will now address Carole Dorsainvil’s ability to serve as guardian of her daughter in prosecuting the instant complaint. For the reasons previously set forth, there is a clear pecuniary conflict between Carole Dorsainvil and her daughter as demonstrated by her motion to dismiss her daughter’s case. Pursuant to CPLR 1201, both parents presumably have legal custody of their child, so either parent could appear on the infant’s behalf. However, because the conflict of interest between Carole Dorsainvil as the defendant/operator of the vehicle, and the infant, Beanka, as an injured plaintiff/passenger in the vehicle is adverse and unwaivable, the court, pursuant to CPLR 1202, orders the removal of Carole Dorsainvil as guardian of Beanka Dorsainvil in this matter (see Matter of Riddell, 78 Misc 2d 150 [Sup Ct, NY County 1973]). In addition, the court finds that the plaintiffs father may not act as the guardian ad litem. The father is the owner of the vehicle, and his *404 pecuniary interest is also potentially in conflict with his daughter (see Vehicle and Traffic Law § 388; Boyd v Trent, 287 AD2d 475 [2d Dept 2001]).
The underlying motion and cross motion are stayed pursuant to CPLR 2201 until such time as a guardian ad litem is appointed for the infant plaintiff and new counsel appears on behalf of all plaintiffs. At such time any party may move on notice to all other parties to lift the stay.