A.C. v 599 Sutter Ave. LLC (2025 NY Slip Op 50788(U))

[*1]

A.C. v 599 Sutter Ave. LLC

2025 NY Slip Op 50788(U)

Decided on May 16, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
Supreme Court, Kings County

A.C., infant, by her m/n/g, C.C., and C.C., individually, Plaintiffs,

against
599 Sutter Avenue LLC, Defendant.

Index No. 501310/2019

Aaron D. Maslow, J.

The following numbered papers were used on this these motions: NYSCEF Document Numbers 127-135, 138-139, 149-168, 204, 205.
Upon the foregoing papers, the Court having heard oral argument, and due deliberation having been had thereon,
It is hereby ORDERED as follows:
That branch of Plaintiffs' motion seeking summary judgment on liability (MS # 7) is DENIED. Plaintiff mother was wheeling her disabled infant daughter in an adult wheelchair with no seatbelt. Plaintiff mother identified two locations in front of Defendant's property as the defect which caused the accident whereby the wheelchair tipped from a sidewalk defect or an elevated cellar door. On page 44 of her transcript she stated, "There was a dip in the ground when her wheel got stuck in it and it turnesd." On page 49, she identified the cellar door as the cause.
That branch of Plaintiffs' motion seeking dismissal of Defendant's affirmative defenses of culpable conduct and comparative fault on the part of Plaintiffs (MS # 7) is GRANTED. [*2]Decisions made by a parent in how to transport an infant child fall within the realm of General Obligations Law § 3-111 ("In an action brought by an infant to recover damages for personal injury the contributory negligence of the infant's parent or other custodian shall not be imputed to the infant.") and case law construing it (e.g., Holodook v Spencer, 36 NY2d 35 [1974] [parent's conduct in failing to provide proper supervision is not actionable]; Martinez v Kaz USA, Inc., 183 AD3d 720 [2d Dept 2020] [third-party action by humidifier manufacturer seeking contribution from allegedly negligent supervisory parents whose 10-month-old daughter was scalded not legally cognizable]; Wheeler v Sears Roebuck & Co., 37 AD3d 710 [2d Dept 2007] [father cannot be negligent in supervising two-year-old child injured by defective treadmill]; Boyd v Trent, 297 AD2d 301, 302 [2d Dept 2002] [motion to strike defense of contributory negligence granted because mother-plaintiff's failure to ensure infant children remained restrained in safety belts cannot be imputed to two and four year olds, who are incapable of being liable for negligence]; Thurel v Varghese, 207 AD2d 220, 224 [2d Dept 1995] [appellant's counterclaim based solely upon mother's negligent supervision of her two-month-old son in holding him and not placing him in child restraint does not state cognizable cause of action in this state]). Therefore, no culpable conduct or comparative fault can be ascribed to Plaintiffs. Certainly there is no culpable conduct or comparative fault on the part of the infant Plaintiff in the wheelchair.
Defendant's motion to disqualify Plaintiffs' attorneys on the grounds of conflict of interest (MS #8) is DENIED. Defendant claims that Plaintiff infant and Plaintiff mother have different interests in this action and that the same law firm cannot represent both; that Plaintiff mother is the sole proximate cause of the accident or at least bears some culpable conduct and comparative negligence. The Court finds otherwise. Plaintiff mother does not have any liability at stake in this action. Plaintiff mother is not the subject of a counterclaim or a third-party action. This is not a situation where Plaintiff mother would be vicariously liable as a vehicle owner would be. Hence, motor vehicle accident cases cited by Defendant and where the courts found a conflict of interest are inapplicable (cf. Alcantara v Mendez, 303 AD2d 337 [2d Dept 2003]; Boyd v Trent, 287 AD2d 475 [2d Dept 2002]; Dorsainvil v Parker, 14 Misc 3d 397 [Sup Ct, Kings County 2006]). Plaintiff mother has an identity of interest with Plaintiff infant daughter, i.e., to minimize any alleged culpable conduct and comparative negligence on the part of Plaintiff mother. Moreover, under the case law cited in the preceding paragraph, there can be no comparative negligence on the part of Plaintiff mother.