■ FLUSHING SAVINGS BANK, Appellant, v FSB PROPERTIES, INC., et al., Respondents. — In a mortgage foreclosure action, plaintiff appeals from an order of the Supreme Court, Rockland County (Ferraro, J.), dated November 21, 1983, which, *inter alia,* (1) *sua sponte,* disqualified the law firm of Jessel Rothman, P. C., from acting as counsel for plaintiff, and (2) dismissed the motion of defendants Pine Shade Builders, Inc., and PSFB Associates to be relieved of their default in answering, without prejudice to renewal upon the expiration of 30 days after personal service upon plaintiff and Jessel Rothman, P. C., of a copy of the order, with notice of entry.

Order affirmed, without costs or disbursements.

Defendants FSB Properties, Inc. (FSB Properties) and Pine Shade Builders, Inc. (Pine Shade Builders) are joint venturers for the purpose of developing certain real property. (According to the Record on Appeal, the corporate existence of FSB Properties, Inc., was "terminated" by proclamation of the State for failure to pay franchise taxes.) To carry out this enterprise, they formed the defendant joint venture, PSFB Associates. FSB Properties, Pine Shade Builders' joint venturer, is a wholly owned subsidiary of the plaintiff, Flushing Savings Bank.

By order in a companion case involving the same parties (*Flushing Sav. Bank v PSFB Assoc.,* [Supreme Ct, Rockland County, Nov. 21, 1983, Ferraro, J.]), and dated the same day as the order now appealed from, Justice Ferraro directed that Jessel Rothman, P. C., be disqualified as counsel for the plaintiff bank on the ground of conflict of interest. In doing so, the court noted that it was "specifically admitted that Mr. Rothman ha[d] represented FSB Properties, Inc., and PSFB Associates [and that] PSFB Associates is a joint venture comprised of Pine Shade Builders, Inc. and FSB Properties, Inc." Justice Ferraro determined that the representation of the plaintiff bank by Jessel Rothman, P. C., was barred by several Ethical Considerations and Disciplinary Rules of the Code of Professional Responsibility. Such finding was based, among other things, on the fact that the plaintiff mortgagee bank was attempting to foreclose a mortgage given by the defendant mortgagor PSFB Associates, that counsel for the bank had represented the joint venture mortgagor and one of its joint venturers, FSB Properties, which had defaulted in the action, and on the assertion by codefendant cojoint venturer Pine Shade Builders that the mortgage default was due to FSB Properties' "actions in conspiracy with plaintiff Bank".

Thereafter, in the instant case, the motion of Pine Shade Builders and PSFB Associates to vacate their default in answering, came before Justice Ferraro. In the affidavit in support of vacatur, defendant Pine Shade Builders informed the court of the conflict of interest, or appearance thereof, brought about by Jessel Rothman, P. C.'s representation of not only the plaintiff foreclosing bank but also the defaulting FSB Properties, plaintiff's wholly owned subsidiary, and, on occasion, the defendant joint venture PSFB Associates. Noting that he had considered the very same issue of conflict of interest or the appearance thereof in the related action between the same parties, and had held, as a matter of discretion, that Jessel Rothman, P. C., should not continue to represent plaintiff in that action, Justice Ferraro determined, *sua sponte,* that, based upon the reasons stated in his prior decision, Jessel Rothman, P. C., should be disqualified as counsel for the plaintiff bank in this action. The court thereupon dismissed the motion to vacate without prejudice to renewal upon the expiration of a stated period of time which it felt was sufficient to permit appointment of new counsel for plaintiff. Plaintiff appeals.

Based upon the record before this court and the attendant circumstances, it was a proper exercise of discretion for Special Term, *sua sponte,* to disqualify plaintiff's counsel based upon its finding in the related case involving the same parties.

It is beyond cavil that an attorney must avoid not only the fact, but even the mere appearance of impropriety and conflict of interest (*Greene v Greene,* 47 NY2d 447, 451; *Cardinale v Golinello,* 43 NY2d 288, 296; *Matter of Hof,* 102 AD2d 591, 596; see Code of Professional Responsibility, Canon 9). Parties to an action and the public at large are entitled to protection "against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight" (*People v Shinkle,* 51 NY2d 417, 421; *Narel Apparel v American Utex Int.,* 92 AD2d 913, 914). Further, doubts as to the existence of an asserted conflict of interest are to be resolved in favor of disqualification (*Matter of Hof, supra,* p 597; *Narel Apparel v American Utex Int., supra,* p 914). Accordingly, Special Term's findings and disqualification of plaintiff's counsel, Jessel Rothman, P. C., on the ground of conflict of interest in the companion case involving the same parties constituted sufficient basis for the disqualification of that firm as counsel for the plaintiff in the instant action. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.