■ EUGENE FEELEY, Appellant, and GUY BALLIRANO, Respondent, et al., Plaintiff, v MIDAS PROPERTIES, INC., et al., Defendants. [604 NYS2d 240] —In an action, *inter alia,* for specific performance of a contract for the sale of real property and to recover damages for fraud, the plaintiff Eugene Feeley appeals from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), entered August 27, 1991, as granted the motion of the plaintiff Guy Ballirano to disqualify the law firm of Werner & Kennedy from representing him in this action.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the motion is denied.

The plaintiffs Eugene Feeley and Guy Ballirano, along with their spouses, are the owners and directors of the plaintiff Peekskill Muffler Corporation (hereinafter PMC), a closely held corporation. The law firm of Werner & Kennedy commenced this action on behalf of Feeley, Ballirano and PMC against the defendants over a franchise dispute. Thereafter, the relationship between Feeley and Ballirano deteriorated, and Werner & Kennedy withdrew from representing Ballirano when it became clear that Ballirano and Feeley disagreed regarding the strategy which should be employed to resolve the lawsuit against the defendants. Moreover, when Ballirano's wife, as the temporary receiver of PMC, refused to pay invoices submitted by the law firm to the corporation, Werner & Kennedy also withdrew from representing the corporation and commenced a separate action against PMC to recover payment for its services. Ballirano then moved to disqualify Werner & Kennedy from its continued representation of Feeley in this action, alleging a conflict of interest and an appearance of impropriety. The Supreme Court granted the motion "in light of all the circumstances". We reverse.

As was raised in the appellant's opposition papers, a party's entitlement to be represented in ongoing litigation by counsel of his own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Matter of Abrams [Anonymous],* 62 NY2d 183). Ballirano's reliance on various provisions of the Code of Professional Responsibility in this regard is unavailing. In

situations such as the one before us, the Code's provisions afford guidance but generally do not assume the status of controlling statutory or decisional law *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; Matter of Hof,* 102 AD2d 591). Code of Professional Responsibility DR 4-101 (B) (22 NYCRR 1200.19 [b]), which prohibits an attorney from revealing or making use of a client's confidences or secrets, is inapposite to the present case, because Werner & Kennedy is entitled to reveal the confidences of PMC in the separate fee collection action, albeit only to the extremely limited extent necessary to establish and collect its fees *(see,* Code of Professional Responsibility DR 4-101 [C] [4] [22 NYCRR 1200.19 (c) (4)]). Similarly, Ballirano's reliance upon Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24), which precludes continued representation in the event that a conflict of interest arises, is misplaced. Indeed, Ballirano has failed to demonstrate the manner in which the law firm's maintenance of a separate action for fees against PMC as a distinct corporate entity conflicts with its continued representation of Feeley as an individual in the present lawsuit. Rather, the interests of the plaintiff Feeley, the plaintiff Ballirano, and the plaintiff PMC, which is now represented by separate counsel, are the same in this action, and there is no showing that the continued representation will compromise the positions of Ballirano or PMC *(cf., Greene v Greene,* 47 NY2d 447; *Cardinale v Golinello,* 43 NY2d 288; *Flushing Sav. Bank v FSB Props.,* 105 AD2d 829; *Matter of Hof,* 102 AD2d 591, *supra).* Furthermore, Ballirano has not established that Werner & Kennedy's continued participation in the action creates an appearance of impropriety *(see,* Code of Professional Responsibility Canon 9). Accordingly, under the circumstances, we discern no basis for depriving Feeley of the counsel of his choice in this action *(see generally, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; Plotkin v Interco Dev. Corp.,* 137 AD2d 671). Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.