■ HAROLD SHELBY et al., Plaintiffs, v PAULINE A. BLAKES, Defendant. GRUENBERG KELLY DELLA, Nonparty Appellant; BORDA KENNEDY ALSEN & GOLD, LLP, Nonparty Respondent. [11 NYS3d 211]—

In an action to recover damages for personal injuries, etc., nonparty Gruenberg Kelly Della appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 13, 2014, which, upon the denial of its motion to disqualify Borda Kennedy Alsen & Gold, LLP, from receiving attorneys' fees in this action and, in effect, the granting of the cross motion of Borda Kennedy Alsen & Gold, LLP, for an allocation of

attorneys' fees, in an order dated March 1, 2013, determined, after a hearing, that Borda Kennedy Alsen & Gold, LLP, was entitled to 65% of the attorneys' fees recoverable in the action and it was entitled to only 35% of the attorneys' fees.

Ordered that the order dated March 13, 2014, is reversed, on the law, with costs, the motion of Gruenberg Kelly Della to disqualify Borda Kennedy Alsen & Gold, LLP, from receiving attorneys' fees in this action is granted, the cross motion of Borda Kennedy Alsen & Gold, LLP, for an allocation of attorneys' fees is denied, and the prior order dated March 1, 2013, which determined the motion and cross motion, is modified accordingly.

This is an attorneys' fees dispute between two law firms— Borda Kennedy Alsen & Gold, LLP (hereinafter Borda), and Gruenberg Kelly Della (hereinafter the appellant). In October 2009, Borda commenced an action on behalf of the plaintiffs, Harold Shelby and Ingram Earl, who were the driver and passenger, respectively, in a vehicle that was struck in the rear by a vehicle driven by the defendant, Pauline Blakes. In her answer, the defendant asserted a counterclaim against Shelby, alleging that Shelby's negligence was the cause of the accident. On March 16, 2011, the parties agreed that the defendant would concede liability, and the plaintiffs would cap damages at the insurance policy limits of $1,250,000. The counterclaim was withdrawn. On March 15, 2012, Earl changed his attorney from Borda to the appellant, and Borda asserted a lien against any recovery. The appellant settled Earl's claim for $110,000. Based upon the retainer agreement with Borda, 33 1/3% of that sum was set aside as attorneys' fees.

The appellant moved to disqualify Borda from receiving attorneys' fees in this action, based upon a conflict of interest. In support of the motion, the appellant submitted the affidavit of Earl, who stated that he was never informed of the defendant's counterclaim against Shelby, nor was he advised of a potential conflict of interest. Borda cross-moved to allocate attorneys' fees, contending that there was no conflict of interest. Borda argued that the defendant's counterclaim against Shelby was frivolous, and noted that Earl testified at his deposition that the accident occurred when their vehicle was struck in the rear by the vehicle driven by the defendant while Shelby was stopped at an intersection waiting to make a left turn.

In an order dated March 1, 2013, the Supreme Court denied the appellant's motion to disqualify Borda from receiving attorneys' fees in this action, concluding that Borda's representation did not violate rule 1.7 (a) of the Rules of Professional

Conduct (22 NYCRR 1200.0), which bars representation of a client "if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." The court noted that the facts demonstrated that the accident involved a rear-end collision with a stopped vehicle, indicating Shelby was not at fault, and although the defendant asserted a counterclaim, that counterclaim was later withdrawn. The court also, in effect, granted Borda's cross motion to allocate attorneys' fees, and in an order dated March 13, 2014, the court determined, after a hearing, that Borda was entitled to 65% of the attorneys' fees recoverable in this action, and limited the appellant's award to the remaining 35% of attorneys' fees.

The general rule is that an attorney is not entitled to a fee in a personal injury action if the attorney violated the Rules of Professional Conduct (12 NYCRR 1200.0) by representing both the driver of an automobile involved in a collision and a passenger in that vehicle (*see Quinn v Walsh*, 18 AD3d 638 [2005]; *Pessoni v Rabkin*, 220 AD2d 732 [1995]; *see also Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 699 [2011]). Rule 1.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides, in pertinent part, with respect to conflicts of interests involving current clients, that a lawyer shall not represent a client if a reasonable lawyer would conclude that "the representation will involve the lawyer in representing differing interests" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [1]). Pursuant to rule 1.7 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) the potential conflict may be waived if the lawyer reasonably believes that he or she will be able to provide competent and diligent representation to each affected client, the representation is not prohibited by law, the representation does not involve the assertion of a claim by one client against the other in the same litigation, and each affected client gives informed consent, confirmed in writing. In the instant case, there was no written confirmation of informed consent to the potential conflict.

Borda contends that since Earl was a passenger in a stopped vehicle which was struck in the rear, the driver of the stopped vehicle was clearly not at fault, and there was no conflict of interest (*see Sayyed v Murray*, 109 AD3d 464 [2013]). However, once the defendant asserted a counterclaim, the pecuniary interests of the driver conflicted with those of the passenger (*see Kyung Seong Kim v Metropolitan Suburban Bus Auth.*, 2008 NY Slip Op 30858[U] [Sup Ct, NY County 2008]; *see also Alcantara v Mendez*, 303 AD2d 337 [2003]). Therefore, the ap-

pellant's motion to disqualify Borda from receiving a portion of the attorneys' fees should have been granted, and the cross motion for an allocation of attorney's fees should have been denied.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.