■ In the Matter of Sacco & Fillas, LLP, Respondent, v David J. Broderick, P.C., Appellant. [21 NYS3d 281]—

In a proceeding, inter alia, to determine and enforce an at-

torney's lien pursuant to Judiciary Law § 475, David J. Broderick, P.C., appeals from an order of the Supreme Court, Queens County (Butler, J.), entered March 26, 2013, which, inter alia, denied that branch of its motion which was for summary judgment on the issue of whether the petitioner is entitled to an attorney's lien.

Ordered that the order is affirmed, with costs.

In October 2008, the petitioner, Sacco & Fillas, LLP (hereinafter S&F), commenced an action on behalf of Gregorio Salas and Mariela Salguero, who were the driver and passenger, respectively, in a vehicle that was struck in the rear by a vehicle driven by Mitchell Fernandez and owned by A.J. McNulty & Co, Inc. (hereinafter the underlying action). Prior to commencement of the underlying action, Salas and Salguero had signed waivers with respect to the potential conflict of interest between a driver and a passenger of the same vehicle involved in an accident being represented by the same counsel. In their answer, Fernandez and A.J. McNulty & Co, Inc., asserted a counterclaim against Salas alone. In December 2011, Salas entered into a settlement of the underlying action insofar as asserted by him. In November 2012, Salguero changed her attorney from S&F to David J. Broderick, P.C. (hereinafter Broderick), alleging that the discharge was for cause.

In December 2012, S&F commenced this proceeding, inter alia, to determine and enforce an attorney's charging lien against any recovery by Salguero pursuant to Judiciary Law § 475. Broderick moved, inter alia, for summary judgment on the issue of whether S&F is entitled to an attorney's lien. In an order entered March 26, 2013, the Supreme Court, inter alia, denied that branch of Broderick's motion which was for summary judgment.

An attorney who is discharged for cause is not entitled to recover the value of his or her services by way of a "charging lien" pursuant to Judiciary Law § 475 (see Judiciary Law § 475; *Siskin v Cassar*, 122 AD3d 714, 717 [2014]; *Tangredi v Warsop*, 110 AD3d 788 [2013]; *Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 186-188 [2002]). "An attorney who violates a disciplinary rule may be discharged for cause and is not entitled to any fees for services rendered" (*Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 699 [2011]). "The general rule is that an attorney is not entitled to a fee in a personal injury action if the attorney violated the Rules of Professional Conduct (22 NYCRR 1200.0) by representing both the driver of an automobile involved in a collision and a passenger in that vehicle" (*Shelby v Blakes*, 129 AD3d 823, 825 [2015]).

On its motion, Broderick failed to eliminate all triable issues of fact as to whether the potential conflict of interest had been properly waived pursuant to rule 1.7 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). Accordingly, the Supreme Court properly denied that branch of Broderick's motion which was for summary judgment on the issue of whether S&F is entitled to an attorney's lien (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Broderick's remaining contentions are without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.