Deborah D. **PETERSON**, Personal Representative of the Estate of James C. Knipple (Dec.), et al., Plaintiffs-Appellees,

v.

**ISLAMIC REPUBLIC OF IRAN**, Bank Markazi a/k/a Central Bank of Iran; Banca UBAE SpA; Citibank, N.A., and Clearstream Banking, S.A., Defendants,

v.

David J. Cook, Cook Collection Attorneys PLC, Movants

---

Appellants.*

No. 16-2395-cv

United States Court of Appeals,
Second Circuit.

May 18, 2017

FOR APPELLANTS: Max Folkenflik, Folkenflik & McGerity LLP, New York, NY.

FOR APPELLEES: James P. Bonner (Patrick L. Rocco, Susan M. Davies, on the brief), Stone Bonner & Rocco LLP, New York, NY.

PRESENT: JOHN M. WALKER, JR., GERARD E. LYNCH, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

David J. Cook and Cook Collection Attorneys, PLC (together, "Cook") appeal from an order of the District Court (Forrest, J.) denying their motion to intervene pursuant to Federal Rule of Civil Procedure 24(a). Cook seeks intervention to protect his asserted contractual interest and statutory charging lien on the proceeds

* For purposes of this order, we adopt the shortened caption that the parties were granted leave to use.

from a judgment in favor of certain plaintiffs he used to represent as collection counsel in a related action. See N.Y. Judiciary Law § 475.[1] Without deciding whether Cook's alleged interests are valid and sufficient to support intervention of right, we agree with the District Court that the motion was untimely. See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176, 181–82 (2d Cir. 2001). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

A district court's order denying intervention is reviewed for abuse of discretion. Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam). "Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." Id. at 1058 (quotation marks omitted).

We have no reason on this record to doubt the District Court's conclusion that Cook delayed his motion "for years," since Cook should have known of the threat to his interest when he was purportedly fired for cause. That discharge operated as an attempted repudiation of Cook's entitlement to fees and a charging lien, and it put Cook on notice that no party remaining in the litigation represented his interests. See Butler, 250 F.3d at 182; Campagnola v. Mulholland, Minion & Roe, 76 N.Y.2d 38, 44, 556 N.Y.S.2d 239, 555 N.E.2d 611 (1990) ("Where the discharge is for cause, the attorney has no right to compensation or a retaining lien, notwithstanding a specific retainer agreement."); Sacco & Fillas,

LLP v. Broderick, 21 N.Y.S.3d 281, 283, 133 A.D.3d 862 (2d Dep't 2015). Cook should have known of the need to intervene by October 3, 2011, when he was purportedly fired for cause, but he waited more than four years to file his motion—a factor that weighs against finding that his motion was timely. See Butler, 250 F.3d at 183.

We also agree with the District Court that permitting intervention now would, among other things, prejudice existing parties and further delay compensation to victims of terrorism who have waited for decades to recover. See In re Holocaust Victim Assets Litig., 225 F.3d 191, 198–99 (2d Cir. 2000); United States v. Pitney Bowes, Inc., 25 F.3d 66, 72 (2d Cir. 1994). In contrast, denial of intervention would not unduly prejudice Cook, who is attempting to enforce a charging lien "in a separate lawsuit," and who has initiated an arbitration proceeding to recover attorney's fees. Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 302 A.D.2d 183, 754 N.Y.S.2d 220, 223 (1st Dep't 2002); see Kaplan v. Reuss, 113 A.D.2d 184, 495 N.Y.S.2d 404, 407 (2d Dep't 1985), aff'd, 68 N.Y.2d 693, 506 N.Y.S.2d 304, 497 N.E.2d 671 (1986). Cook has not identified any unusual circumstances weighing in favor of timeliness. The District Court therefore did not abuse its discretion in denying the motion to intervene as untimely.

We have considered Cook's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

---

1. New York law governs charging liens in federal courts sitting in New York. Itar–Tass

Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448–49 (2d Cir. 1998).