16-2395-cv
Peterson, et al. v. Cook, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
     GERARD E. LYNCH,
     RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

------------------------------------------------------------------------

Deborah D. Peterson, Personal Representative of the
Estate of James C. Knipple (Dec.), *et al.*,

     *Plaintiffs-Appellees*,

   v.

Islamic Republic of Iran, Bank Markazi a/k/a Central    No. 16-2395-cv
Bank of Iran; Banca UBAE SpA; Citibank, N.A., and
Clearstream Banking, S.A.,

     *Defendants*,

   v.

David J. Cook, Cook Collection Attorneys PLC,

*Movants-Appellants.**

-----------------------------------------------------------------------

FOR APPELLANTS:     MAX FOLKENFLIK, Folkenflik & McGerity LLP, New York, NY.

FOR APPELLEES:     JAMES P. BONNER (Patrick L. Rocco, Susan M. Davies, *on the brief*), Stone Bonner & Rocco LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

David J. Cook and Cook Collection Attorneys, PLC (together, "Cook") appeal from an order of the District Court (Forrest, J.) denying their motion to intervene pursuant to Federal Rule of Civil Procedure 24(a). Cook seeks intervention to protect his asserted contractual interest and statutory charging lien on the proceeds from a judgment in favor of certain plaintiffs he used to represent as collection counsel in a related action. See N.Y. Judiciary Law § 475.[1]

Without deciding whether Cook's alleged interests are valid and sufficient to

---

* For purposes of this order, we adopt the shortened caption that the parties were granted leave to use.

[1] New York law governs charging liens in federal courts sitting in New York. Itar–Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448–49 (2d Cir. 1998).

support intervention of right, we agree with the District Court that the motion was untimely. See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176, 181–82 (2d Cir. 2001). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

A district court's order denying intervention is reviewed for abuse of discretion. Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam). "Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." Id. at 1058 (quotation marks omitted).

We have no reason on this record to doubt the District Court's conclusion that Cook delayed his motion "for years," since Cook should have known of the threat to his interest when he was purportedly fired for cause. That discharge operated as an attempted repudiation of Cook's entitlement to fees and a charging lien, and it put Cook on notice that no party remaining in the litigation represented his interests. See Butler, 250 F.3d at 182; Campagnola v.

Mulholland, Minion & Roe, 76 N.Y.2d 38, 44 (1990) ("Where the discharge is for cause, the attorney has no right to compensation or a retaining lien, notwithstanding a specific retainer agreement."); Sacco & Fillas, LLP v. Broderick, 21 N.Y.S.3d 281, 283 (2d Dep't 2015). Cook should have known of the need to intervene by October 3, 2011, when he was purportedly fired for cause, but he waited more than four years to file his motion—a factor that weighs against finding that his motion was timely. See Butler, 250 F.3d at 183.

We also agree with the District Court that permitting intervention now would, among other things, prejudice existing parties and further delay compensation to victims of terrorism who have waited for decades to recover. See In re Holocaust Victim Assets Litig., 225 F.3d 191, 198–99 (2d Cir. 2000); United States v. Pitney Bowes, Inc., 25 F.3d 66, 72 (2d Cir. 1994). In contrast, denial of intervention would not unduly prejudice Cook, who is attempting to enforce a charging lien "in a separate lawsuit," and who has initiated an arbitration proceeding to recover attorney's fees. Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 754 N.Y.S.2d 220, 223 (1st Dep't 2002); see Kaplan v. Reuss, 495 N.Y.S.2d 404, 407 (2d Dep't 1985), aff'd, 68 N.Y.2d 693 (1986). Cook has not identified any unusual circumstances weighing in favor of

timeliness. The District Court therefore did not abuse its discretion in denying the motion to intervene as untimely.

We have considered Cook's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court