**252685 St LLC v Feifei Gu**

2025 NY Slip Op 30009(U)

January 3, 2025

Supreme Court, Kings County

Docket Number: Index No. 505280/2024

Judge: Joy F. Campanelli

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS: IAS PART 6
----------------------------------------------------------------X
252685 St LLC, Hang Chen, Emily Hui Chen-
Liang,

                     Plaintiffs,

       -against-

Feifei Gu and Yu Hin Chan

                     Defendants.
----------------------------------------------------------------X

Index No.: 505280/2024

**DECISION AND ORDER**

Hon. Joy F. Campanelli, J.S.C.

The following e-filed papers read herein:         NYSCEF Nos.:

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 67-92, 120-123, 124-125 |
| Opposing Affidavits (Affirmations) | |
| Affidavits/ Affirmations in Reply | 127,128 |
| Other Papers: | |

Plaintiffs move by Order to Show Cause dated August 28, 2024, seq. no. 3, to hold Defendants in contempt of court for alleged violations of this Court's Order dated May 10, 2024.

On November 10, 2024, Defendant Yu Hin Chan cross-moved by Notice of Motion, seq. no. 5 for the following relief: (1) The recusal of this Court; (2) the disqualification of Mark Salem, Esq.; (3) the dismissal of the case in its entirety; (4) an order vacating this Court's May 10, 2024, and August 28, 2024, Orders; (5) a Traverse Hearing; (6) an order staying any contempt hearing. On the same day, Defendant FeiFei Gu cross-moved by Notice of Motion, seq. no. 6 for an order dismissing the case in its entirety.

Plaintiff's Order to Show Cause, seq. no. 3, and Defendants' Cross Motions, seq. no. 5 and 6, were scheduled for oral arguments on November 13, 2024, and subsequently adjourned to

1

[* 1]

December 4, 2024. On December 4, 2024, when the motion calendar was called, Plaintiff was not present, and their Order to Show Cause was marked off the calendar.

As Plaintiff's Order to Show Cause was marked off, it would be common practice for Defendants' Cross-Motions seq. no. 5, and 6, to be denied as nullities. However, given the severity of certain allegations, and the relief sought in Defendant Yu Hin Chan's Cross-Motion, despite Plaintiffs' default, the Court has an obligation to evaluate the sufficiency of the motion papers.

In support of the Cross-Motion for recusal, Defendant Yu Hin Chan alleges that this Court had ex-parte communications with Plaintiff's attorney Mark Salem, and that Defendants were deprived of their due process rights by this Court's part rules. This Court's May 10, 2024, Order included a brief summary of both parties' allegations, including Plaintiff's contention that a process server accidentally hit the Defendants' illegally placed camera with his foot. Now, in support of the present Cross-Motion for recusal, Defendant Chan argues that this allegation, regarding the process server and Defendant's illegally placed camera, was never mentioned in "Court filed documents nor in Oral Arguments[.]" Therefore, Defendant postulates that Plaintiff's attorney must have had ex-parte communications with the Court and thus, recusal is necessary. Additionally, Defendant Chan argues recusal is necessary because "On 04/10/24, Joy F. Campanelli's two court attorneys heard the oral arguments, judge Joy F. Campanelli was never present in Court, as such Defendants were deprived of due process rights to be heard by judge[.]"

This Court has not engaged in any ex-parte communications with either party in this matter. The Court, having read all papers submitted in support of and opposition to the underlying Order to Show Cause seq. no. 1, learned of Plaintiff's allegation regarding the

2

[* 2]

process server accidently hitting Defendants' illegally placed camera, directly from Plaintiff's supporting papers. Paragraph 37 of Plaintiff's Affirmation in Support reads in part "the Process server unintentionally hit the Defendants illegally placed camera with his foot[.]" Thus, Defendant Yu Hin Chan's allegations and call for recusal are entirely baseless.

Alternatively, Defendant Chan seeks the recusal of this Court based on an alleged deprivation of Defendants' due process rights. Under Uniform Civil Rules for the Supreme Court & the County Court section 202.8(d), the Court can, in its discretion, decide whether oral arguments on a motion or order to show cause are necessary. Oral arguments on motions are solely for the benefit of the judge and at the judge's discretion. In the present case, on April 10, 2024, the Court declined to hear arguments on Plaintiffs' Order to Show Cause. Instead, as a courtesy, the two court attorneys attempted to explain court procedure to the defendants and that the motions would be submitted. In its discretion, the Court took the matters on submission as argument was unnecessary.  As such, the Defendants due process rights were not violated by the Court. Additionally, a decision on a motion to recuse is discretionary and within the personal conscience of the Court. *People v. Moreno*, 70 N.Y.2d 403, 405, 516 N.E.2d 200, 201 (1987). As no ex parte communications took place between Plaintiff and this Court and no due process rights were violated regarding the Court taking Plaintiff's Order to Show Cause on submission, there is no basis for recusal.

Defendant Chan also cross moves for the disqualification of Plaintiff's counsel, Mark Salem, esq. "[A] party's entitlement to be represented in ongoing litigation by counsel of his own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. *Feeley v. Midas Properties, Inc.*, 199 A.D.2d 238, 604 N.Y.S.2d

3

240 (1993). Defendant Chan's supporting papers do not demonstrate a clear showing that disqualification is warranted.

Defendant Chan cross-moves to vacate this Court's prior Orders dated May 10, 2024, and August 28, 2024. On May 10, 2024, this Court issued an Order enjoining Defendants Feifei Gu and Yu Hin Chan, *inter alia*, from contacting Re/Max for the purposes of discussing or reporting Plaintiffs' actions or inactions, and from publicly posting any remarks, or reviews about the Plaintiffs, their employer Re/Max, Susana Chan Chong, Plaintiff's attorney Mark Salem, Esq., and Mark Salem Law, P.C. After the May 10, 2024, Order, Defendants initiated several lawsuits against Mark Salem, Mark Salem Law, P.C., and ReMax, among others, in U.S. District Court for the Southern District of New York. In addition to the initiation of multiple federal lawsuits, Defendants emailed certain complaints relating to these lawsuits to 134 different Re/Max agents.

Pursuant to C.P.L.R. § 5015, upon a motion, the Court which rendered the order in question *may* relieve a party from its terms upon the grounds of excusable default, newly discovered evidence, fraud or misconduct of the adverse party, lack of jurisdiction, or reversal, modification or vacatur of a prior judgment. N.Y. C.P.L.R. 5015 (McKinney). Defendant Chan fails to demonstrate entitlement to vacatur of this Court's Orders on any the grounds specified in C.P.L.R. § 5015.

The portion of Defendant Chan's Cross-Motion, seq. no. 5, to stay a contempt hearing is denied as moot. As no contempt hearing has been scheduled at the time this Cross-Motion was taken on submission, there is no proceeding to stay.

The portion of Defendant Chan's Cross-Motion, seq. no. 5, seeking a traverse hearing is denied as Defendant Chan's Answer, dated March 25, 2024, failed to raise lack of jurisdiction as an affirmative defense, therefore waiving this relief.

4

[* 4]

Lastly, both Defendants' cross-move for dismissal of this case in its entirety. In support of this portion of his motion, Defendant Chan argues that the case should be dismissed because Mark Salem, esq. should be disqualified, the Complaint is unverified by Plaintiff, and "Referring to NYSCEF doc#116, only susana chong chen is the agent, emily hui chen-liang and hang chen are not agents of 252685 ST LLC, therefore, they have no legal capacity to sue Defendants in this case."

Defendant Chan's arguments in support of the motion to dismiss are not cogent, they lack a discernable legal basis, and are not supported by evidence in admissible form. Therefore, the Court cannot grant Defendant's cross-motion to dismiss.

Defendant Gu's Cross-Motion to dismiss, seq. no. 6, is denied as this filing violates an Administrative Order, dated January 8, 2024, enjoining her from making any filings in existing cases absent a certification of merit from an attorney. On January 8, 2024, by administrative order, Defendant FeiFei Gu was enjoined from commencing any new court action via poor person application or making any filings on existing cases unless accompanied by a certificate of an attorney stating that the filing has been examined and the attorney believes there is merit to Defendant Gu's contentions.

Accordingly, it is hereby

**ORDERED** that Defendant YU HIN CHAN's Cross-Motion seq. no. 5, is DENIED; and it is further

**ORDERED** that Defendant FEIFEI GU's Cross-Motion seq. no. 6, is DENIED.

This constitutes the decision and order of the Court.

DATED: January 3, 2025
      Brooklyn, New York

_____
Hon. Joy F. Campanelli, J.S.C.

5

[* 5]