Khidirnazarov v United Parcel Serv. Gen. Servs. Co. MTLR Corp. (2026 NY Slip Op 50314(U))

[*1]

Khidirnazarov v United Parcel Serv. Gen. Servs. Co. MTLR Corp.

2026 NY Slip Op 50314(U)

Decided on March 13, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
Supreme Court, Kings County

Shakhboz Khidirnazarov and ABBOSBEK BEGIMOV, Plaintiffs,

againstUnited Parcel Service General Services Co. MTLR Corp. and LINCOLN MCKENZIE, Defendants.

Index No. 501104/2025

Law Office of Yuriy Prakhin, P.C., Brooklyn (Mark Posner of counsel), for plaintiffs.Kritzer Law Group, Smithtown (Adam Khan of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used: 1, 7, 12, 13, 17, 18, 20, 33, 34, 36-40, 42, 49, 55, 56.
BackgroundUpon the foregoing papers, and having heard oral argument at a conferenced hearing, and due deliberation having been had, the within matter is determined as follows.
This is an action by Plaintiffs seeking damages from Defendants for personal injuries allegedly resulting from a motor vehicle accident of November 14, 2024. Plaintiff Shakhboz Khidirnazarov was the driver of a Toyota in which Plaintiff Abbosbek Begimov was passenger. They both allege that Defendant Lincoln McKenzie, driver of a tractor-trailer truck (owned by Defendant United Parcel Service General Services Co. MTLR Corp.) negligently caused a collision between the two vehicles on Church Avenue between East 18th and East 19th Streets, in Brooklyn.
The matter was scheduled to come before the Court on February 6, 2026, for oral argument on Plaintiffs' motion for summary judgment on liability. On February 4, 2026, the Court issued an interim order which stated in pertinent part: "[T]he Court observes that there is a potential conflict of interest on the part of Plaintiff[s'] attorney in representing both the driver and passenger of the vehicle they were in. As such, please be prepared to discuss this matter [*2]when the motion is called this Friday, February 6, 2026." (NYSCEF Doc No. 49.)
Plaintiffs' motion for summary judgment was denied on February 6, 2026, in large measure due to a submitted video of the accident which the Court viewed. Together with the submitted papers, the Court's view was that there were material issues of fact in dispute. An order embodying this outcome was issued on February 6, 2026, and appears as NYSCEF Doc No. 51. The Court advised the attorneys that it would conduct a hearing on the conflict-of-interest issue that it raised sua sponte.
The conferenced hearing was conducted on February 27, 2026 virtually. Defendants took no position. Plaintiffs argued through counsel that they were satisfied with the arrangement whereby Law Office of Yuri Prakhin, P.C. represented both of them. Counsel emphasized that Plaintiffs executed a waiver of a potential conflict of interest dated November 22, 2024:
Re: Conflict of Interest Disclosure and Consent to Joint RepresentationClients: SHAKHBOZ KHIDIRNAZAROV and ABBOSBEK BEGIMOVDear SHAKHBOZ KHIDIRNAZAROV and ABBOSBEK BEGIMOVThis letter is to advise you that you have both requested that I represent you in connection with personal injuries you each sustained as a result of a motor vehicle accident that occurred on November 14, 2024 Church Avenue and East 18th Street, Brooklyn, NY[.]Potential Conflict of InterestSince SHAKHBOZ KHIDIRNAZAROV was operating the vehicle in which ABBOSBEK BEGIMOV, was riding, there exists a potential conflict of interest. However, based on the facts currently known, liability appears to rest entirely with the other party involved in the accident. At this time, there is no indication that SHAKHBOZ KHIDIRNAZAROV bears any fault for the accident.Please understand that, should any evidence arise suggesting that SHAKHBOZ KHIDIRNAZAROV might be partially at fault, a conflict could arise between your interests. For example, the passenger might have a claim against the driver, or the insurance company might assert comparative fault to reduce their liability.Your RightsYou each have the right to:• Seek independent legal counsel• Decline joint representation at any time• Withdraw your consent to this arrangementIf a conflict develops later that prevents me from fairly and diligently representing both of you, I may be required to withdraw from representing one or both of you.Informed ConsentYou have both indicated your understanding of the potential conflict and wish to proceed with joint representation.Please indicate your consent by signing below.ACKNOWLEDGEMENT AND CONSENT TO JOINT REPRESENTATIONWe have read and understand this letter, and we consent to joint representation by Law Office of Yuriy Prakhin, P.C under the terms described above./s/_______________________________Driver SHAKHBOZ KHIDIRNAZAROVDate: 11/22/24/s/_______________________________Passenger ABBOSBEK BEGIMOVDate: 11/22/24Sincerely,/s/_______________________________Yuriy Prakhin, Esq.Law Office of Yuriy Prakhin, P.C. (NYSCEF Doc No. 56 at PDF 1-2.)Counsel also emphasized that the conflict-of-interest waiver was translated to Plaintiffs, as evidenced by the following affidavit of Komiljon Barotov:
1. I am over the age of eighteen (18) years and I am not a party to this action.2. I am fluent in English and Uzbek. I am competent to translate between English and Uzbek and to interpret spoken Uzbek and English accurately.3. My qualifications include the following:a. I have interpreted/translated in legal matters previously.b. I have approximately fifteen (15) years of experience translating/interpreting English and Uzbek.4. On November 22, 2024, at 1883 86th Street, Brooklyn NY 11214, I translated and interpreted from English into Uzbek, and from Uzbek into English as needed, for Plaintiffs, Shakhboz Khidirnazarov and Abbosbek Begimov.5. Specifically, I translated into Uzbek the full contents of the Conflict of Interest Disclosure and Consent to Joint Representation dated November 22, 2024 as well as the conversation and consultation related to it.6. Before Plaintiffs signed the document, I translated each paragraph of the Affidavit into Uzbek and/or translated it in substance accurately and completely. Plaintiffs were given an opportunity to ask questions and request clarification, and I responded by interpreting accurately.7. After I completed the translation, Plaintiffs stated to me, in Uzbek, that they understood the contents of the document as translated.8. Plaintiffs then signed the document in my presence and I observed the signing.9. I affirm that my translation was true and accurate, and that Plaintiffs' execution of the document was based upon my translation/interpretation of the contents into Uzbek. (Id. at PDF 1-2.)

 Discussion
"Disqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants. Disqualification denies a party's right [*3]to representation by the attorney of its choice (see, Matter of Abrams [John Anonymous], 62 NY2d 183). The right to counsel of choice is not absolute and may be overridden where necessary—for example, to protect a compelling public interest—but it is a valued right and any restrictions must be carefully scrutinized (id., at 196)." (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987].)
"The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (see Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802, 802 [2007])" (Louder v Goldhamer, 122 AD3d 908, 910 [2d Dept 2014). A court may properly exercise its discretion to sua sponte disqualify an attorney (see id. at 910 [advocate-witness rule]); Rainbow Hill Homeowners Assn., Inc. v Gigante, Inc., 32 AD3d 532 [2d Dept 2006]; Flushing Sav. Bank v FSB Props., 105 AD2d 829 [2d Dept 1984]).
"Parties to an action and the public at large are entitled to protection 'against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight' (People v. Shinkle, 51 NY2d 417, 421; Narel Apparel v. American Utex Int., 92 AD2d 913, 914)" (Flushing Sav. Bank v FSB Props., 105 AD2d at 831 [2d Dept 1984]).
"The general rule is that an attorney is not entitled to a fee in a personal injury action if the attorney violated the Rules of Professional Conduct (12 NYCRR 1200.0) by representing both the driver of an automobile involved in a collision and a passenger in that vehicle (see Quinn v Walsh, 18 AD3d 638 [2005]; Pessoni v Rabkin, 220 AD2d 732 [1995]; see also Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699 [2011]). Rule 1.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides, in pertinent part, with respect to conflicts of interests involving current clients, that a lawyer shall not represent a client if a reasonable lawyer would conclude that 'the representation will involve the lawyer in representing differing interests' (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [1]). Pursuant to rule 1.7 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) the potential conflict may be waived if the lawyer reasonably believes that he or she will be able to provide competent and diligent representation to each affected client, the representation is not prohibited by law, the representation does not involve the assertion of a claim by one client against the other in the same litigation, and each affected client gives informed consent, confirmed in writing. In the instant case, there was no written confirmation of informed consent to the potential conflict." (Shelby v Blakes, 129 AD3d 823, 825 [2d Dept 2015].)
The facts in Shelby v Blakes, a dispute over attorneys' fees, were that a law firm commenced a lawsuit representing both the plaintiff driver and the plaintiff passenger in a vehicle struck in the rear in a motor vehicle accident. The defendant driver asserted a counterclaim against the plaintiff driver. Later on, the defendant conceded liability, and the counterclaim was withdrawn. The passenger switched attorneys. The passenger claimed he was never informed about the counterclaim; neither was he informed of a potential conflict of interest. Despite the passenger's original attorneys arguing that the counterclaim was frivolous and that the case involved a hit-in-the-rear situation, the Appellate Division ruled that "once the defendant asserted a counterclaim, the pecuniary interests of the driver conflicted with those of the passenger" (id. at 825). The passenger's original attorneys were disqualified from receiving a portion of the attorneys' fees.
The Shelby rule was applied in Matter of Sacco & Fillas, LLP v David J. Broderick, P.C. (133 AD3d 862, 863 [2d Dept 2015]): "The general rule is that an attorney is not entitled to a fee in a personal injury action if the attorney violated the Rules of Professional Conduct (22 [*4]NYCRR 1200.0) by representing both the driver of an automobile involved in a collision and a passenger in that vehicle [citation omitted]." To the same effect, see Scopin v Goolsby (88 AD3d 782 [2d Dept 2011]); Quinn v Walsh (18 AD3d 638 [2d Dept 2005]); Sidor v Zuhoski (261 AD2d 529 [2d Dept 1979]); and Pessoni v. Rabkin, 220 AD2d 732 [2d Dept 1995]).
The danger of permitting an attorney or firm to represent both the driver and the passenger as plaintiffs in an action alleging personal injuries resulting from a motor vehicle accident was illustrated in Alcantera v Mendez (303 AD2d 337, 337-338 [2d Dept 2003]):
Belkys Ramirez, while operating a vehicle owned by the defendant Ramon G. Mendez (hereinafter Mendez), was involved in a collision with a vehicle owned and operated by the defendant Carmen Carrasquillo. The plaintiff Yajaira Alcantara and the children of Ramirez and Mendez, Sheila Mendez and Ramon Mendez, were passengers in the vehicle operated by Ramirez. In the personal injury action at bar, John Higham acted as the attorney for both Alcantara and Ramirez, in her capacity as guardian of the children. The action was brought against Carrasquillo and Mendez, pursuant to Vehicle and Traffic Law § 388. Carrasquillo asserted a counterclaim against Ramirez in which she alleged that Ramirez was negligent.Mendez moved to disqualify Higham from representing the plaintiffs on the ground that his continued representation of them violated Code of Professional Responsibility DR 5-105 (b) (see 22 NYCRR 1200.24). The Supreme Court, while noting that Ramirez was a potential tortfeasor, found no conflict in the multiple representation and denied the motion. We reverse.The counterclaim asserted against Ramirez places her pecuniary interests in conflict with those of her children. Therefore, she should be removed as guardian of her children for purposes of this action (see Boyd v Trent, 287 AD2d 475 [2001]; Ganiev v Nazi, 189 Misc 2d 83 [2001]; Shaikh v Waiters, 185 Misc 2d 52, 57 [2000]). This result is required even though Ramirez has sued only in her representative capacity because, as in the cases disqualifying guardians who sue personally and as representatives of their wards (see Boyd v Trent, supra; Ganiev v Nazi, supra; Shaikh v Waiters, supra), Ramirez has a conflicting personal interest antagonistic to her passengers who could assert claims against her for negligence just as the other driver, Carrasquillo, has done in the counterclaim.In view of the counterclaim asserted against Ramirez, Higham's continued representation of the plaintiffs violates Code of Professional Responsibility DR 5-105 (b) (see 22 NYCRR 1200.24), since the pecuniary interests of Ramirez conflict with those of Alcantara and the children of Ramirez. Furthermore, evidence of Ramirez's negligence presented by Higham on behalf of Alcantara and the children in order to establish Mendez's liability pursuant to Vehicle and Traffic Law § 388 would subject Ramirez to liability in her individual capacity on the counterclaim. Therefore, Higham's continued representation of the plaintiffs would result in a violation of either the ethical rule requiring an attorney to preserve a client's confidences, or the rule requiring an attorney to represent a client zealously (see Sidor v Zuhoski, 261 AD2d 529 [1999]; Shaikh v Waiters, supra at 56-57; see also Pessoni v Rabkin, 220 AD2d 732 [1995]). Therefore, Higham is disqualified from continuing to represent any plaintiffs in this action.Similarly, in the case at bar, the pecuniary interests of Plaintiff driver Shakhboz Khidirnazarov and Plaintiff passenger Abbosbek Begimov are in conflict. Both plaintiffs are defendants on the counterclaim interposed by Defendants. This Court viewed the video on Plaintiffs' summary judgment action. It was the Court's determination that the video did not establish as a matter of law that Defendant driver Lincoln McKenzie was a proximate cause of the accident. A jury could find that Plaintiff driver Shakhboz Khidirnazarov was culpable because of the way he drove. Summary judgment being denied to Plaintiffs, the conflict of interest in representing both is obviously apparent. "[A] reasonable lawyer would conclude that 'the representation will involve the lawyer in representing differing interests' (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [1])" (Shelby v Blakes, 129 AD3d at 825).
In point of fact, Defendants have submitted a highly detailed report of John C. Scott, Accident Reconstruction Expert, as NYSCEF Doc No. 37. Among his findings is the following:
The information above and analysis established that the driver of the Toyota minivan, Mr. Khidronazarov, should have been aware of the double-parked vehicle in the westbound lane and lateral movement of the tractor trailer at least 3.4 seconds before impact. At a travel speed of 13-14 mph, Mr. Khidronazarov needed less than 40 feet to come to a stop and less than 2.5 seconds. The video evidence establishes that no effort was made to slow down or stop until impact occurred with the left side of the trailer. In addition, had Mr. Khidronazarov simply remained at or close to the white line as depicted in the video, the accident would not have occurred. (Id. at 9.)It is not just the conflicting pecuniary interests. It is also the fact that presumably counsel has spoken confidentially to both Plaintiffs and learned facts which might impair a zealous representation of one or the other (see Greene v Greene, 47 NY2d 447 [1979]).
Plaintiffs' counsel argued that both Plaintiffs waived any conflict of interest, but this is clearly inconsistent with their interests. By not asserting a cause of action against driver Shakhboz Khidirnazarov, passenger Abbosbek Begimov's interests are seriously compromised — notwithstanding any policy limit differential. It is quite possible that a jury could find that Lincoln McKenzie, the truck driver was not negligent or that his negligence was not a substantial factor in bringing about the accident, in which case passenger Abbosbek Begimov would collect nothing since his driver Shakhboz Khidirnazarov has not been named as a defendant.
Moreover, the Court finds deficient the submitted waiver executed by both Plaintiffs. The waiver states that "based on the facts currently known, liability appears to rest entirely with the other party involved in the accident" (NYSCEF Doc No. 56 at 1). This was signed on November 22, 2024. We now know that an accident reconstruction specialist, on December 16, 2025, placed the blame on Plaintiff driver Shakhboz Khidirnazarov. Therefore, facts are not the same.
The waiver states that "should any evidence arise suggesting that SHAKHBOZ KHIDIRNAZAROV might be partially at fault, a conflict could arise between your interests" (id.).) Such evidence has arisen yet Plaintiff's counsel has not submitted an updated waiver in which the Plaintiffs acknowledge the updated situation.
Additionally, there apparently is a language barrier in that Plaintiffs' primary language is Uzbek. The waiver was ostensibly translated by Komiljon Barotov. The translation took place at 1883 86th Street, Brooklyn, New York, which is the address of counsel's law firm. In a matter [*5]such as this, it behooved counsel to arrange for an independent translation. Query whether there is an independent relationship between Mr. Barotov and counsel's firm.
Taking all of the foregoing into account, the Court finds that indeed there is a conflict of interest in Plaintiffs' counsel continuing to represent both Plaintiffs in this action.

Conclusion
It is hereby ORDERED that Law Office of Yuriy Prakhin, P.C. is disqualified from representing anyone in this action; and it is further hereby
ORDERED that this action is stayed through May 15, 2026; and it is further hereby
ORDERED that a notice of appearance by any replacement attorney representing Plaintiff Shakhboz Khidirnazarov or Plaintiff Abbosbek Begimov in this action shall be served and filed by May 8, 2026; and if no such notice of appearance is served and filed, said Plaintiffs shall be deemed to have elected to represent themselves pro se; and it is further hereby
ORDERED that Law Office of Yuriy Prakhin, P.C. shall serve on both Plaintiffs a copy of this order along with a written translation into Uzbek from an independent translator by March 24, 2026; and it is further hereby
ORDERED that both Plaintiffs shall execute an acknowledgement of receipt of said copy of this order and said written translation into Uzbek, which Law Office of Yuriy Prakhin, P.C. shall file on NYSCEF by March 31, 2026.