Diaz v Gomez (2026 NY Slip Op 01487)

Diaz v Gomez

2026 NY Slip Op 01487

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-11729
 (Index No. 704839/21)

[*1]Miguel A. Ramirez Diaz, et al., respondents,
vEdward R. Gomez, et al., appellants.

The Law Offices of Christopher P. Di Giulio, P.C., New York, NY, for appellants.
Gambone Law Group, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondents Carlos E. Acosta Abreu, Rigoberto Jerez Vicioso, and Yoselin Veloz Garcia.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Denise N. Johnson, J.), dated September 12, 2024. The order denied the defendants' motion to disqualify Gambone Law Group, PLLC, as counsel for the plaintiffs.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendants' motion to disqualify Gambone Law Group, PLLC, as counsel for the plaintiffs is granted.
On January 28, 2021, the plaintiff Miguel A. Ramirez Diaz (hereinafter the plaintiff driver) allegedly was stopped at a red traffic signal when his vehicle was struck in the rear by a vehicle operated by the defendant Edward R. Gomez (hereinafter the defendant driver) and owned by the defendant Canada Dry Bottling Company of New York, L.P. (hereinafter Canada Dry). In March 2021, the plaintiff driver, along with three passengers who were in his vehicle at the time of the subject accident, the plaintiffs Carlos E. Acosta Abreu, Rigoberto Jerez Vicioso, and Yoselin Veloz Garcia (hereinafter collectively the passengers), commenced this action to recover damages for personal injuries against the defendant driver and Canada Dry. The plaintiff driver and the passengers were jointly represented in this action by nonparty Gambone Law Group, PLLC (hereinafter Gambone). In an answer, the defendants asserted a counterclaim against the plaintiff driver for common-law indemnification or contribution, alleging that any injuries sustained by the plaintiffs from the subject accident resulted, in whole or in substantial part, from the negligence of the plaintiff driver.
In May 2024, the defendants moved to disqualify Gambone as counsel for the plaintiffs, contending, inter alia, that it was a conflict of interest for Gambone to represent both the plaintiff driver and the passengers. In an order dated September 12, 2024, the Supreme Court denied the defendants' motion, determining, among other things, that there was no conflict of interest because the plaintiff driver was not at fault in the happening of the accident. The defendants appeal.
"'The disqualification of an attorney is a matter that rests within the sound discretion of the [trial] court'" (Buckham v 322 Equity, LLC, 229 AD3d 669, 672, quoting Alnoukari v Nokari, 218 AD3d 527, 528). "'A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (id., quoting Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 510). "On [*2]a motion to disqualify an attorney, '[t]he moving party bears the burden of showing that disqualification is warranted'" (id., quoting Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637).
Contrary to the passengers' contention, the defendants demonstrated that Gambone's representation of both the plaintiff driver and the passengers created a conflict of interest (see Shelby v Blakes, 129 AD3d 823, 825; Alcantara v Mendez, 303 AD2d 337, 338; Pessoni v Rabkin, 220 AD2d 732). Although the passengers contend that there was no conflict of interest because the plaintiff driver, whose vehicle allegedly was struck in the rear while he was stopped at a red traffic signal, was not at fault in the happening of the accident, the pecuniary interests of the plaintiff driver conflicted with those of the passengers once the defendants asserted the counterclaim against the plaintiff driver (see Shelby v Blakes, 129 AD3d at 825). Moreover, under the circumstances of this case, the defendants sufficiently demonstrated that Gambone should be disqualified from continuing to represent any plaintiffs in this action (see Alcantara v Mendez, 303 AD2d at 338; Sidor v Zuhoski, 261 AD2d 529, 530).
Furthermore, contrary to the Supreme Court's determination, the record is inadequate to determine that the plaintiffs waived the potential conflict pursuant to Rule 1.7(b) of the New York Rules of Professional Conduct (22 NYCRR 1200.0), as their counsel failed to submit written confirmation of informed consent to the potential conflict (see Shelby v Blakes, 129 AD3d at 825).
The parties' remaining contentions either are not properly before this Court, need not be reached in light of our determination, or are without merit.
Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendants' motion to disqualify Gambone as counsel for the plaintiffs.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court